STATE OF IOWA, Appellee, v. CARL RINGDAHL, Appellant.

**INDICTMENT AND INFORMATION:** Arraignment—Presumption. It 1   is not essential to the validity of a judgment on an indictment that the record recite an arraignment. It follows, when there is such recital, that it will be presumed that all things were done to constitute a proper arraignment, or that such things were waived by the defendant.

**INTOXICATING LIQUORS:** Nuisance—Reduction of Maximum Sen-2   tence. Record reviewed, . and held that a maximum sentence for maintaining a nuisance should be reduced one half.

*Appeal from Winneshiek District Court.*—H. E. TAYLOR, Judge.

JUNE 21, 1921.

APPEAL from judgment imposing fine on defendant for illegal sale of intoxicating liquor.—*Modified and affirmed.*

*E: R. Acres,* for appellant.

*Ben J. Gibson,* Attorney General, for appellee.

ARTHUR, J.—Defendant was indicted by the grand jury of Winneshiek County on February 9, 1921, charged with the crime of nuisance, under Code Section 2384. On February 16, 1921, E. R. Acres, attorney, was appointed to defend him, and a plea of not guilty which had been made was withdrawn, and a plea of guilty entered. Defendant was adjudged guilty as charged, and sentenced to pay a fine of $1,000 and costs of prosecution, including an attorney fee of $50, and, in default of payment of fine, was to be imprisoned until fine and costs were paid, at the rate of $3.33 per day.

The error assigned by appellant is that there was no arraignment of appellant, as provided by Code Section 5315. The judgment entry recites that defendant was "duly arraigned." Counsel for appellant contends that such recital in the record is a conclusion only; that the facts must appear in the record; that it must affirmatively appear that the indictment was read to the defendant, and the defendant informed that, if the name by which he is indicted is not his true name, he must then declare what his true name is, or that he will be proceeded against by the name in the indictment, and that he must be asked what he answers to the indictment; and that there can be no conviction until the defendant is required to state whether or not he is rightfully named in the indictment, because this is mandatory and jurisdictional.

1. INDICTMENT AND INFORMATION: arraignment: presumption.

While the formality of arraignment is specified in Code Section 5315, arraignment may be waived, under the provisions of Code Section 5310. The record in this case does not show that defendant waived arraignment, but it does affirmatively appear in the judgment entry that defendant was arraigned, and took time to plead.

The question raised by appellant has been before this court. In *State v. Winstrand*, 37 Iowa 110, the record did not show that defendant waived arraignment, or that he was arraigned. We said:

"But as the record is silent as to the arraignment, and every presumption is in favor of the regularity of the proceedings below, it must be presumed that he was arraigned, and failed to give his true name, or that he waived the arraignment. In fact, the appearing and pleading voluntarily to an indictment constitutes of itself, it seems to us, a waiver of arraignment. The arraignment is for the benefit of the defendant. This is implied in the provision that he may waive it. If it was for the benefit of the state, it could not be waived by the defendant."

See, also, *State v. Bowman*, 78 Iowa 519; *State v. Corwin*, 151 Iowa 420. The failure of the court to make a formal arraignment of defendant, if there was such a failure, if erroneous or irregular, was only technically so, and not prejudicial to defendant. *State v. Heft*, 155 Iowa 21. It is not essential that the record affirmatively show that the defendant was

arraigned. Since arraignment is for the benefit of defendant, and can be waived, it will be presumed, where the record is silent as to the formal statutory requirement to constitute arraignment, that the defendant waived this provision of the statute. In the instant case, however, the record does affirmatively show the arraignment of defendant.

Counsel for defendant complains because the trial court imposed upon the defendant the maximum penalty, and makes an earnest appeal for a reduction of the sentence. We think this is the major criticism of the action of the trial court. The record does not disclose that the trial court had before him, to guide in pronouncing sentence, information other than the minutes of testimony annexed to the indictment, which we have before us. While one witness said that the defendant was "running" the St. Cloud Hotel, where four witnesses testified to buying alcohol from him, the only witness who lived at the hotel, and who had the best means of knowing, testified that he had known defendant about a year, and that defendant was "working" in the St. Cloud Hotel. Defendant's counsel insists that defendant was only an employee at the hotel, and not the proprietor; and we come to that conclusion.

2. INTOXICATING LIQUORS: nuisance: reduction of maximum sentence.

On review of the record, we are inclined to feel that the sentence imposed on this young man was too harsh. The fine imposed is reduced to $500, and, in default of payment thereof, defendant is to be imprisoned in jail until such fine, not including costs, is paid, at the rate of $3.33 per day.—*Modified and affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.