STATE OF IOWA, Appellee, v. ROBERT GARDNER, Appellant.

**SEDUCTION:** Corroboration—Deduction From Circumstances. Corroboration in a charge of seduction can ordinarily be shown only by a series of circumstances.

*Appeal from Van Buren District Court.*—D. M. ANDERSON, Judge.

MARCH 6, 1923.

HAVING been indicted and convicted upon a charge of seduction, the defendant appeals.—*Affirmed.*

*Walker & McBeth,* for appellant.

*Ben J. Gibson,* Attorney-general, and *John Fletcher,* Assistant Attorney-general, for appellee.

WEAVER, J.—I.    The appellant is a young, unmarried man, 24 years of age, and the prosecuting witness is a young, unmarried woman of 19, both residing at or near Bentonsport in Van Buren County, Iowa.  As witnesses on the trial, both defendant and prosecutrix admit that they indulged in sexual intercourse on several occasions during the summer of the year 1920, and it is the claim of the young woman that, as a result of such relations, she became pregnant, and was delivered of a child in April of 1921.  Nothing is to be gained by rehearsing in detail the story of their shame.  Reduced to briefest terms, the sole question presented is whether complainant was a woman of previously chaste character, and yielded to the intercourse with the defendant by reason of seductive influences exercised by him. The State charges, and there is evidence tending to show, that the young woman was of previously chaste character; that defendant sought her company, professed to love her, and promised to marry her and protect her; and that, induced thereby, she yielded to his solicitations for intercourse.  On the other hand, if the defendant's story be true, the complainant was a shameless harlot, and sought the intercourse for the gratification of her unbridled sexual passion, being herself the aggressor, and practically forcing herself into his reluctant embraces.  The argument of his counsel is largely based upon the assumption of the truth of his testimony; and if this could fairly be said to be admitted or undisputed, the judgment of conviction could not be permitted to stand.  The complainant comes into court clothed with the presumption of previously chaste character, and, except as the same is challenged by the appellant himself, that character is in no manner impeached.  She testifies and is corroborated to the effect that defendant sought her company, paid her attention, and cultivated her society and favor after the manner of lovers.  In the nature of things, corroboration of this kind can be shown circumstantially only.  Protestations of love and affection are more often than otherwise made in secret or in confidence, and are not proclaimed in public or from the housetop; and corroboration, if any, is ordinarily to be drawn from observation of the conduct of the parties by their acquaintances, friends, and neighbors.  That there was sufficient in the record to take this inquiry to the jury, there is no room

for doubt, and there was no error in denying defendant's motion for a directed verdict in his favor. The truth of the defense relied upon, and of the somewhat remarkable contention that defendant was himself the victim of this girl's sexual wiles and advances was for the jury, and it is by no means remarkable that, as between their conflicting versions of the story of their mutual shame, the palm of veracity was accorded to her. Counsel assert and repeat that there is no evidence tending to show defendant's courtship of the complainant or professions of love for her. This can only be said by assuming the truth of the defendant's testimony and denying the truth of the showing by the State. This the court is not authorized to do.

II. Appellant's brief gives much attention to the charge of the court to the jury. Without taking time or space to set out the instructions, which are quite full and specific, it is to be said that they fairly cover all the points of law contended for by the defense, and we discover no reversible error therein.

The case turns on the single question whether the State made a showing of sufficient corroboration to take that issue to the jury. In our judgment, that inquiry must be answered in the affirmative, and the judgment below must, accordingly, be— *Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.