STATE OF IOWA, Appellee, v. I. W. HALLEY, Appellant.

**WITNESSES: Impeachment—Immaterial Contradictory Statements.** Impeachment may not be based on immaterial contradictory statements of a witness. (See Book of Anno., Vol. I, Sec. 11255, Anno. 23 *et seq.*)

**WITNESSES: Cross-examination—Accused as Witness.** A defendant as a witness in his own behalf is subject, on cross-examination, to the same tests as to memory, history, motives, and other matters affecting his credibility, as any other witness. (See Book of Anno., Vol. I, Sec. 13892.)

**CRIMINAL LAW: Evidence—Identification of Exhibits.** Exhibits are receivable in evidence only when properly identified.

**CRIMINAL LAW: New Trial—Improper Argument—Waiver.** Improper argument is deemed waived unless objection thereto is made in the trial court, and it is ruled on, and an exception saved. (See Book of Anno., Vol. I, Sec. 13944, Anno. 112 *et seq.*)

**TRIAL: Instructions—Evidence—Inaccurate Limitation.** Limiting the jury to the testimony "offered" or "produced and submitted" does not necessarily constitute reversible error.

Headnote 1: 40 Cyc. pp. 2699, 2701. Headnote 2: 40 Cyc. pp. 2558, 2564, 2565, 2572. Headnote 3: 16 C. J. p. 620. Headnote 4: 17 C. J. pp. 62, 73, 79. Headnote 5: 17 C. J. p. 345.

Headnote 2: 28 R. C. L. 620. Headnote 4: 2 R. C. L. 444.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 16, 1926.

REHEARING DENIED FEBRUARY 19, 1927.

Defendant was informed against by the county attorney for maintaining a place where intoxicating liquors were kept for sale, was convicted by a jury at the trial, and sentenced to 10 months in the Polk County jail and a fine of $500 and costs, from which he appeals.—*Affirmed.*

*Walter F. Maley,* for appellant.

*Ben Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

ALBERT, J.—On the trial of the case, defendant contended that this matter had been submitted twice to the grand jury of Polk County, and no bill returned. In the cross-examination of

1. WITNESSES: impeachment: immaterial contradictory statements.

the State's principal witness, defendant attempted to show that the witness had made different statements before the grand jury from what he was then making on the witness stand. The record, however, shows that the witness on the stand was testifying as to the names of two parties who were present at defendant's house at the time they made the search. It is the claim of defendant that the same witness had testified before the grand jury, naming another and different person from the one he was then naming. This was purely an incidental matter, wholly foreign and immaterial to the issues involved, and it is well settled that, in an attempt to impeach by showing contrary statements, it must be on a material matter in the case. *State v. Sheridan,* 121 Iowa 164.

It is next urged that the court permitted too wide cross-examination of the defendant himself, at the hands of the county attorney. We have read the record on this matter, and are dis-

2. WITNESSES: cross-examination: accused as witness.

posed to hold that the court did not abuse its discretion in this respect. When the defendant takes the witness stand, he is subject to the same tests as to memory, history, motives, or matters affecting credibility, as any other witness. *State v. Chingren,* 105 Iowa

169; *State v. Brandenberger*, 151 Iowa 197; *State v. Burris*, 194 Iowa 628.

Certain exhibits were introduced in the trial which were said to have been samples of liquor taken from a larger quantity seized by the officers at the time the defendant was arrested.

3. CRIMINAL LAW: evidence: identification of exhibits. The rule, of course, is that to receive liquor exhibits in evidence without proper identification is prejudicial error. *State v. Kingsbury*, 191 Iowa 743; *State v. Reid*, 200 Iowa 892. But a reading of the record shows that there is no application for this rule in the present case, because the exhibits were properly identified, at least to such an extent that, if there were doubt about it, it was a question for the jury.

It is urged that the county attorney used inflammatory remarks in his address to the jury. The record hardly warrants this contention. The argument to which objection was made, is

4. CRIMINAL LAW: new trial: improper argument: waiver. set out in the record, and there seems to have been no ruling by the court on the proposition; and, under such circumstances, we do not consider the same. *State v. Peacock*, 201 Iowa 462.

An instruction on reasonable doubt is criticized, as placing on the defendant the burden of showing such reasonable doubt; but, if the instructions are read as a whole, the criticism is not warranted.

Objection is also made to one of the instructions where a definition of the word "evidence" is given. It is objected to as too broad, but it seems to be a current definition, quite generally approved.

In one instruction, the court was unfortunate in the use of the word "offered," in relation to the evidence in the case. That we have condemned this phrase, see *State v. Patrick*, 201

5. TRIAL: instructions: evidence: inaccurate limitation. Iowa 368. The term as used in these instructions does not bear the same relation to the instructions as it did in the *Patrick* case; and, more than this, a later instruction was given which limited the jury to a consideration of only that evidence which was in fact admitted in the case, and a general instruction was given that they were to consider all of the instructions together; and we feel that, under such circumstances, the defendant was not prejudiced.

Instruction 14 is attacked on similar ground, because it tells the jury to try and determine the case according to the evidence "produced and submitted" to them in open court. We feel that this instruction is not vulnerable to this assault, because the use of the term "submitted," after the word "produced," limits the jury to the consideration of the testimony which had been admitted by the court.

It is further urged that the sentence of the court here amounts to cruel and unusual punishment. We are referred to *State v. Butler,* 186 Iowa 1247; *State v. Ringdahl,* 191 Iowa 748; *State v. Dill,* 197 Iowa 208. Under Section 1930, Code of 1924, as amended by Chapter 46, Acts of the Forty-first General Assembly, the defendant could have been fined $1,000 and been imprisoned in the county jail for one year. We do not feel that the judgment of the court was erroneous, under these circumstances.

Some other matters of minor importance are urged in argument, but we have reviewed the case with care, and find no error.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.