STATE OF IOWA, Appellee, v. LYLE HANER, Appellant.
No. 45573.

DECEMBER 9, 1941.

Russell S. McKay and Welch, Acrea & Welch, for defendant.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and Carl V. Burbridge, County Attorney, for the State.

STIGER, J.—█ I. Defendant consented to a blood test

His first assignment of error is that the court erred in overruling his objections to questions propounded to Dr. Charles Fee, the physician who made the blood test. This witness qualified as an expert on the subject of intoxication and blood tests. He used the Widmark method in determining the amount of alcohol present in a specimen of defendant's blood.

He testified that he found 400 milligrams of alcohol per 100 c. c. of blood, and, that in his opinion, a person with that much alcohol in his blood was intoxicated.

The witness further testified:

"Q. Now, then, from your test and from your experience that you had, how many milligrams is necessary per 100 c. c. of blood before a man is what you term intoxicated?

"Mr. Welch: Objected to as incompetent, the witness incompetent; the question asks for information which cannot be the subject of expert or non-expert testimony; calls for the conclusion and the incompetent opinion of the witness.

"The Court: Overruled. Defendant excepts.

"A. 150 milligrams per 100 c. c. has been accepted—

"Mr. Welch: I move to strike what has been accepted.

"The Court: Overruled. Defendant excepts.

"Mr. Welch: It is an opinion. * * *

"A. Has been accepted by physiologists as the point at which an individual loses enough control over his nervous reactions to indicate that he is intoxicated."

The witness was competent, the information called for by the inquiry was a proper subject for expert testimony and the question was not objectionable as a conclusion of the witness.

In substance, the witness said that his statement that a person is intoxicated if he has 150 or more milligrams of alcohol per 100 c. c. of blood is an accepted scientific fact. No evidence was introduced to the contrary. There is nothing in the record to show the blood test given by the physician is not reliable and accurate on the question of intoxication.

On cross-examination the witness testified the test given was recognized among doctors as being accurate. Defendant

calls attention to the testimony of the witness that it would be possible for a man to drink a quart of whiskey in the course of four hours and not be intoxicated and another might drink only two ounces and lose control of his faculties; that a man is not intoxicated because he has drunk a quart of whiskey. The witness explained that the blood of a man who drank a quart of whiskey would not necessarily show an alcoholic content of 400 milligrams; would not necessarily show more alcohol than one who drank a pint because of various factors mentioned by the witness. The test of intoxication is not the amount of liquor consumed, but the amount of alcohol in the blood.

This testimony is reconcilable with the prior testimony of the witness. He testified that any man with 400 milligrams of blood alcohol is intoxicated. We find no error in this assignment.

II. Another assignment is that the court erred in overruling defendant's objection to the testimony of Ellen Gilbert, an assistant in the office of Dr. Fee, who had helped the physician make blood tests on numerous occasions.

She testified she assisted Dr. Fee in making this blood test—that it was made under his supervision. She further testified:

"Q. Now, what did you find in this specimen as to the amount of alcohol in 100 c. c. of that blood?

"A. 400

"Mr. Welch: Just a minute. That is incompetent, and the witness incompetent.

"The Court: Overruled. Defendant excepts.

"A. 400 milligrams per 100 c. c. of blood."

Dr. Fee had testified that he analyzed the blood sample chemically to determine the amount of alcohol present and found 400 milligrams; that he checked the readings with the assistant. His testimony indicates that he and Mrs. Gilbert conducted the test together. On cross-examination Dr. Fee described in minute detail the various steps in making the test and how at the conclusion of the test the number of milligrams of alcohol was determined. We think the evidence

shows Mrs. Gilbert had sufficient experience in making blood tests to qualify her to state the result of the test. As bearing on this question, see State v. Morkrid, (Iowa), 286 N. W. 412 (1939).

 III. Appellant complains of Instruction No. 9 which reads in part:

"9. Evidence has been introduced as to an analysis of blood that was taken from the defendant shortly after his arrest in this case. This analysis is not admissible unless this blood was obtained from the defendant voluntarily, and without any threat or coercion, and without any inducement or promise of immunity from prosecution. If you find that the defendant voluntarily permitted said blood to be analyzed, and that it was obtained without any threat or coercion, and without any inducement or promise of immunity from prosecution, then *you will give this evidence respecting this analysis such weight as you think it is entitled to in determining the guilt or innocence of the defendant.*" (Italics ours.)

The objection is directed to the italicized portion of the instruction. Appellant claims that the instruction permitted the jury to convict the defendant upon the testimony of Dr. Fee alone without regard to any other evidence in the case.

We find no merit in this objection. The evidence of Dr. Fee was admissible on the question of intoxication and was entitled to be considered by the jury. In other instructions, the court told the jury that it should take into consideration all of the testimony introduced in the case in determining the guilt or innocence of the defendant.

Finding no error in the case, it is affirmed.—Affirmed.

MILLER, C. J., and BLISS, HALE, GARFIELD, WENNERSTRUM, and OLIVER, JJ., concur.