STATE OF IOWA, Appellee, v. LEWIS WERLING, Appellant.

No. 46380.

MARCH 7, 1944.

REHEARING DENIED JUNE 9, 1944.

France & France, of Tipton, for appellant.

John M. Rankin, Attorney General, Wm. F. McFarlin, Assistant Attorney General, and Reid L. Hunt, County Attorney, for appellee.

MILLER, J.—██ I. Defendant, in appealing from his conviction of driving a motor vehicle while intoxicated, by his first assignment of error challenges the competency of a sample of his blood, identified as Exhibit No. 1 and used as a basis for analysis to determine whether or not he was intoxicated. The contentions are (a) that it was not properly identified and (b) that it was procured by duress. We find no merit in either contention.

Defendant was arrested by Andre F. Carstensen, a member of the highway patrol, who testified that when the defendant was in jail he asked him to submit to a blood test. The defendant said he would and he took the defendant to the office of Dr. Hoffman who took a sample of defendant's blood, put it in a glass tube and handed it to him. He further testified, "The container was sealed when placed in my hands." He saw Dr. Hoffman write defendant's name on it. Carstensen kept it over night, then gave it to Patrolman Schneider. Schneider testified that he received the blood sample from Carstensen and took it to the University Hospital at Iowa City, where he delivered it to the technician, Miss Gardner. Miss Gardner testified that she received the blood sample from Schneider and

wrote defendant's name on the container. She broke the seal and delivered the tube to Dr. Gibson, who opened it in her presence. She then made an analysis of the contents under the supervision of Dr. Gibson and found the amount of alcohol was 246 milligrams per hundred cubic centimeters of blood. She then put a small amount of sodium fluoride in the remainder to preserve the blood. Dr. Hoffman testified to the taking of the sample of blood from defendant and that he delivered the same to Carstensen.

Defendant testified:

"Carstensen asked me if I would submit to a blood test, I told him yes. Nobody told me that I had to take one, I thought you did but they didn't tell me that I had to. I thought it was the law."

We are satisfied that the specimen of blood was properly identified. State v. Halley, 203 Iowa 192, 194, 210 N. W. 749. There was no evidence of duress. The evidence was competent under the rule of State v. Morkrid, Iowa, 286 N. W. 412. We need not consider the State's contention that the evidence was admissible under the rule of State v. Tonn, 195 Iowa 94, 191 N. W. 530, and State v. Nelson, 231 Iowa 177, 300 N. W. 685.

II. Defendant's second assignment of error challenges the competency of Dr. Gibson's testimony, based upon the analysis of defendant's blood, that he was intoxicated. The first ground for such contention is that Exhibit No. 1 was improperly received in evidence. We have held otherwise in Division I of this opinion, supra. The second ground is that his opinion invaded the province of the jury and was improper opinion evidence. We have held otherwise in State v. Haner, 231 Iowa 348, 1 N. W. 2d 91. There is no merit in this contention.

III. Defendant's third assignment of error complains of the overruling of objections to the cross-examination of defendant, whereby it was brought out that defendant had pheasants and a shotgun in his car, pleaded guilty to illegal possession of the pheasants, and paid a fine. We are unwilling to hold that reversible error occurred.

Defendant was arrested at about 6:00 p. m., January 11, 1943. On direct examination, he testified in detail as to his

conduct from 11:00 a. m. of that day until after the blood test was made that evening. The cross-examination sought more details concerning the activities that had been related on direct examination. Carstensen had testified for the State that, when he arrested defendant, he found "pheasants, shotgun and one-half gallon container of wine about one-third full." Defendant made no objection to such testimony. Defendant referred to the pheasants on direct examination and his testimony on cross-examination was cumulative to what Carstensen had given, except for the testimony about pleading guilty and paying a fine, which was, to a large extent, volunteered by defendant. We are unwilling to hold that the trial court so abused its discretion as to warrant or require a reversal. State v. Wheelock, 218 Iowa 178, 183, 254 N. W. 313; State v. Brandenberger, 151 Iowa 197, 204, 130 N. W. 1065, and cases cited therein.

IV. Defendant's fourth assignment of error challenges the overruling of that part of the motion for new trial which asserted that the verdict is not supported by sufficient evidence and is contrary to the instructions. There is no merit in the contention. Carstensen testified that when he first saw defendant he was drinking out of a container. When defendant got out of the car he fell to his knees. He was unsteady. There was an odor of alcohol. He later testified, "I would say that he was very much intoxicated." The sheriff testified, "I would say he was intoxicated." Dr. Gibson testified, from the blood test, "I would say that he was intoxicated,—or, I do say that he was intoxicated." There was also evidence that defendant was not intoxicated. But that merely presented an issue of fact for the jury to decide. There was no such insufficiency of evidence as would warrant or require a reversal at our hands. State v. Heinz, 223 Iowa 1241, 1258, 275 N. W. 10, 114 A. L. R. 959.

V. Defendant's fifth assignment of error is based upon the ground of the motion for a new trial which sought to impeach the verdict because of coercion by the court. Attached to the motion for new trial was an affidavit of defendant's counsel that, immediately before the jury retired, a juror asked the judge how long the jury might be kept out in the event that they did not agree upon a verdict and "said juror was informed

that they might be kept out as much as 30 hours in that event, unless sooner discharged.'' The affidavits of two jurors were also attached, in which it was stated that this remark of the judge was related by the juror in the jury room as an argument in favor of a verdict. The record does not show how long the jury deliberated but the indications are that it was not very long. Douglass v. Agne, 125 Iowa 67, 99 N. W. 550, relied upon by appellant, is not in point. The matters stated in the affidavits inhered in the verdict and are not such as can be used to impeach it. State v. Siegel, 221 Iowa 429, 432, 264 N. W. 613.

We find nothing in the record that would warrant or require a reversal. The judgment is—Affirmed.

All JUSTICES concur.