STATE OF IOWA, appellee, v. WALTER W. JOHNSON, appellant.

No. 48087.

(Reported in 55 N.W.2d 196)

1320

█ 

OCTOBER 14, 1952.

Verne Lawyer, of Des Moines, and M. D. Hall, of Indianola, for appellant.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Morris Herrick, County Attorney, for appellee.

GARFIELD, J.—The sole question presented upon this appeal is the sufficiency of the evidence to support the verdict of guilty of operating a motor vehicle while intoxicated in violation of section 321.281, Code, 1950. We hold the evidence is sufficient.

█ Of course we must view the testimony in the light most favorable to the State. See State v. Rutledge, 243 Iowa 179, 184, 47 N.W.2d 251, 255; State v. Anderson, 239 Iowa 1118, 1125, 33 N.W.2d 1, 6; State v. Hill, 239 Iowa 675, 677, 32 N.W.2d 398, 399.

█ It is necessary to refer only to the evidence which tends to support the verdict. We do not decide disputed fact questions in a criminal case. That is the function of the jury and its verdict is binding upon us unless we are satisfied it is without substantial support in the testimony or it is *clearly* against the weight of the evidence. See State v. Kneedy, 232 Iowa 21, 27, 3 N.W.2d 611, 615, and citations; State v. Franklin, 242 Iowa

726, 734, 735, 46 N.W.2d 710, 714, and citations; State v. Rutledge, supra.

The evidence follows a pattern which is familiar in "drunken driving" cases. About 12:30 a.m. on September 9, 1951, state highway patrolman Spurgin was driving a patrol car on a country road about two and one-half miles from St. Marys. With him were patrolman Clayton, an employee of the State Department of Public Safety named Cozad and the two Chumbley brothers. Spurgin saw defendant's car one-fourth to one-half mile ahead of him pulling over to the side of the road. As the patrolmen came alongside defendant's car it was stopped but the motor was running and the lights were burning. Defendant, alone in the car, was slumped over the steering wheel. His clothes were disorderly, trousers were not "zipped", his hair hung down over his forehead, eyes were bloodshot and pupils dilated. He said he had been drinking beer at St. Marys, had three beers but did not drink all of the third bottle. When defendant stepped out of his car at Spurgin's request he staggered and held onto the door. His breath smelled of liquor. Spurgin put defendant in the patrol car and drove to the courthouse at Indianola. Spurgin expressed the opinion defendant was intoxicated.

Patrolman Clayton's testimony is similar to Spurgin's except that Clayton was talking with the occupants of the back seat of the patrol car and did not observe defendant's automobile in motion. (Defendant admitted as a witness he drove his car from St. Marys to the scene of his arrest.) Cozad corroborated part of the patrolmen's evidence. He smelled alcoholic beverage on defendant's breath, saw his clothing was disarranged, his trousers "unzipped", he was rather unsteady on his feet. Cozad expressed the opinion defendant "was more intoxicated than he was sober."

The sheriff saw defendant at the courthouse about 1 a.m. Defendant had a little difficulty in going up the steps and walking down a line, the smell of liquor on him was very evident, he refused to take a blood test, admitted he had three beers at St. Marys. The sheriff testified he had no doubt defendant was definitely intoxicated. A member of the Indianola police force observed defendant at the courthouse when the sheriff did and

said defendant's appearance showed he was under the influence of liquor.

Dr. Mitchell, a physician, was called to the sheriff's office about 1:45 a.m. and spent forty minutes to an hour with defendant. The doctor testified defendant refused to take a blood test, his eyes were red, face flushed and clothing very much disarranged. He expressed the opinion defendant was intoxicated and said he showed no evidence of distress from his heart. (There is testimony for defendant that he suffered from angina and it accounted for his condition when arrested.)

The above is a sufficient indication of the State's testimony. Although it is unnecessary to refer to evidence for defendant, we may say that one of the Chumbley brothers, an occupant of the patrol car, expressed the opinion defendant was not drunk and an acquaintance of defendant who saw him drink a bottle of beer in a tavern about 9:30 p.m. said he was not then intoxicated. Defendant himself said he was tired and had pains from his heart on the night in question. He denied much of the State's testimony but not all of it. His personal physician corroborated defendant's claim that he suffered from angina but he did not see defendant on the night in question.

From what we have said it is plain there is ample evidence to support the verdict. The testimony was in conflict and the verdict is binding upon us. Our decision finds support in State v. Franklin, 242 Iowa 726, 46 N.W.2d 710; State v. Hiatt, 231 Iowa 499, 1 N.W.2d 664; State v. Boyle, 230 Iowa 305, 297 N.W. 312; State v. Webb, 202 Iowa 633, 210 N.W. 751, 49 A. L. R. 1389; State v. Overbay, 201 Iowa 758, 206 N.W. 634; State v. Lorey, 197 Iowa 552, 197 N.W. 446.

Defendant argues the evidence is wholly circumstantial and is insufficient because, it is said, it does not point to his guilt beyond a reasonable doubt and is not inconsistent with any rational theory of innocence. State v. Hooper, 222 Iowa 481, 269 N.W. 431, and some of the cases there cited are relied upon. The argument is without merit. The evidence is not wholly circumstantial. Much of it is direct. State v. Franklin, State v. Hiatt, supra, last above.—Affirmed.

All JUSTICES concur.