STATE OF IOWA, appellee, v. ROY WILLIAMS, appellant.

No. 48359.

(Reported in 62 N.W.2d 241)

January 12, 1954.

Verne Lawyer, James Lawyer and Don Hise, all of Des Moines, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Clyde E. Herring, of Des Moines, County Attorney, for appellee.

GARFIELD, J.—Defendant was convicted of operating a motor vehicle while intoxicated contrary to section 321.281, Code, 1950. Upon this appeal he asserts two grounds for reversal—a remark by the trial judge during the closing argument to the jury and the claimed insufficiency of the evidence to support the conviction. We first consider the second of these grounds and hold it is without merit.

Of course we must view the evidence in the light most favorable to the State. It is necessary to refer only to the testimony which tends to support the verdict. We do not decide disputed fact questions in a criminal case. That is the jury's function and its verdict is binding upon us unless we are satisfied it is without substantial support in the evidence or it is clearly against the weight of the testimony. State v. Johnson, 243 Iowa 1319, 55 N.W.2d 196, and citations; State v. Marcum, 245 Iowa 396, 62 N.W.2d 238.

Defendant admits as a witness he was driving his automobile on the afternoon of November 20, 1952, when it was involved in a minor collision with another car on Highway 60 in Des Moines. He had worked the night before and until one p.m. that day. He had not eaten either breakfast or lunch. Sometime after one he went to a tavern near the scene of the accident where he admits he drank three or four bottles of beer. Upon leaving the tavern he started for his home in his car and the collision occurred as he was crossing the highway in front of the tavern.

About 4:20 State Highway Patrolman McClure was notified of the collision and arrived at the scene at 4:35. Defendant was standing by his car talking with Mr. Evans, driver of the other car involved in the collision. Both defendant and Evans told the patrolman the accident occurred about 4:10. McClure testifies defendant "was staggering, his breath was strong with alcohol and his speech slurry. I had him walk about 50 feet and back

and when he turned to come back he staggered, straightened out and came back. * * * His eyes were bloodshot. I would say he was definitely intoxicated."

The patrolman also says defendant told him he commenced drinking beer after one p.m., stopped about four, had six bottles of beer and he had not been drinking since the accident. Defendant submitted to a blood test. A sample of his blood was taken at 5:05. The biochemist who analyzed the sample testifies it contained 180 milligrams of alcohol per 100 cubic centimeters of blood.

■ Defendant's argument the evidence is insufficient is largely based on his testimony, which has some corroboration, that he was not intoxicated, the collision occurred about 3:30 and he drank three or four bottles of beer between that time and the patrolman's arrival. Of course the jury was not bound to believe this evidence. It is contrary to testimony for the State which the jury could accept.

Applicable here is this language from State v. Gardner, 195 Iowa 439, 440, 441, 192 N.W. 132, 133: "The argument of his counsel is largely based upon the assumption of the truth of his testimony; and if this could fairly be said to be admitted or undisputed, the judgment of conviction could not be permitted to stand. * * * This can only be said by assuming the truth of the defendant's testimony and denying the truth of the showing by the State. This the court is not authorized to do."

■ Further discussion of the evidence seems unnecessary. It is sufficient to support the verdict. The testimony is in conflict and the verdict is binding upon us. See State v. Johnson, supra, 243 Iowa 1319, 1322, 55 N.W.2d 196, 197, and citations; State v. Harrington, 220 Iowa 1116, 1123, 264 N.W. 24.

We think the evidence of guilt here is considerably stronger than in State v. Hamer, 223 Iowa 1129, 274 N.W. 885, and State v. Liechti, 209 Iowa 1119, 229 N.W. 743, relied upon by defendant.

■ Defendant's other claim to a reversal is based on this remark of the trial judge during the State's closing argument to the jury: "It is common knowledge that a man who has a blood count of 150 is considered intoxicated." Defendant ex-

cepted to the statement and the court responded, "Continue with the argument." We hold the remark constitutes reversible error.

The State offered no testimony as to the meaning or significance of the test of defendant's blood. There is no evidence that 150 milligrams or other quantity of alcohol per 100 cubic centimeters of blood indicates intoxication. Attached to the indictment is a statement that a Doctor Weingart testified before the grand jury "180 milligrams of alcohol per 100 cubic centimeters of blood would be positive evidence of intoxication." But Doctor Weingart did not testify upon the trial.

The prosecuting attorney started to tell the jury what Doctor Weingart would have testified when defendant's counsel objected to the argument. The prosecutor contended he was merely responding to the argument for defendant. The court ruled against this contention and then made the statement (quoted above) we hold was prejudicial error.

■ This remark quite clearly indicated to the jury the trial judge felt defendant was intoxicated when the sample of his blood was taken. The statement was an invasion of the jury's province. Defendant was entitled to its determination of his guilt from the evidence without any expression of the judge's opinion. It is probable the remark influenced the verdict. It is not likely the jurors could or would disregard it. They would be inclined to agree with the remark because it came from the court.

Somewhat applicable here is this statement from State v. Hubbard, 218 Iowa 239, 241, 250 N.W. 891, 253 N.W. 834: "Under our Constitution and statutes, juries are the triers of fact, either in civil or criminal cases, and the usurpation or assumption of this duty by the court is error and must not be sanctioned."

State v. Lightfoot, 107 Iowa 344, 351, 78 N.W. 41, 43, says: "The rule is well settled that the jury alone can determine questions of fact in a criminal case, and that the judge cannot, either in his charge or at any time during the trial, declare or deny the existence of any fact bearing on the issue and which is in contest." See also State v. Dunne, 234 Iowa 1185, 1191, 15 N.W.2d 296, 299, and citations therein other than the Hubbard and Lightfoot cases, supra.

■ If it be true that the presence of 150 milligrams or other quantity of alcohol per 100 cubic centimeters of blood indicates intoxication this was a proper subject for expert opinion testimony which was not offered. See State v. Haner, 231 Iowa 348, 1 N.W.2d 91; State v. Werling, 234 Iowa 1109, 1111, 13 N.W.2d 318, 320; Lawrence v. City of Los Angeles, 53 Cal. App.2d 6, 127 P.2d 931, 932; Commonwealth v. Capalbo, 308 Mass. 376, 32 N.E.2d 225, 229; Toms v. State, Okla. Cr. App., 239 P.2d 812, 820; Article by Mason Ladd and Robert B. Gibson in 24 Iowa Law Review 191, 265, 266; annotations 127 A. L. R. 1513, 1514, 159 A. L. R. 209, 210, 214.

Our attention has been called to no decision which recognizes, in the absence of statute or proof, that one with a so-called blood count of 150 is considered intoxicated. We are cited to no authority that this alleged fact is a matter of common knowledge to the ordinary person. Judicial notice is not taken of scientific facts not generally known to ordinary persons. That judicial notice should not be taken of the alleged fact stated by the trial court see 20 Am. Jur., Evidence, section 97; 31 C. J. S., Evidence, section 76; Moore v. State, 175 Ark. 391, 299 S.W. 386, 387. See also Spears v. Veasley, 239 Iowa 1185, 1187, 34 N.W.2d 185; Bell v. Bell, 240 Iowa 934, 939, 38 N.W.2d 658, 661.

Defendant admits some state statutes provide in substance that the presence of 150 milligrams of alcohol per 100 cubic centimeters of blood is prima-facie proof of intoxication. But apparently such prima-facie proof under these statutes may be rebutted.

■ The attorney general has made every effort to explain away the trial court's remark. We are told it was not addressed to the jury but to counsel. However, its effect on the jury was probably about as potent as if it had been addressed directly to the jury. Stress is placed too upon the usual admonitions in the instructions to the jury that the question of defendant's intoxication and his guilt are to be determined from the evidence and the instructions and nothing else. We think such general statements were not sufficient to induce the jury to disregard the court's remark.—Reversed.

All JUSTICES concur.