# IN THE COURT OF APPEALS OF IOWA

No. 21-1891
Filed October 25, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LASONDRA A. JOHNSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Lasondra Johnson appeals her conviction and sentence for assault causing injury. **CONVICTION AFFIRMED, AND SENTENCE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Chicchelly, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

Lasondra Johnson appeals her conviction and sentence on one count of assault causing injury. Her conviction stems from events that occurred one night in November 2020, when Johnson shot and killed Jada Young-Mills. On that night, Johnson accompanied her boyfriend to his mother's house and waited in a vehicle parked in front of the house while her boyfriend went inside. While she waited, three women Johnson knew came by and got in the vehicle to talk with her. Although their conversation was friendly at first, Mills and Johnson started arguing and yelling. Johnson ordered Mills out of the vehicle before pushing her out. Johnson exited the vehicle, and the two began punching and wrestling each other. Others intervened and separated the women, with Johnson returning to the passenger seat of the vehicle. But while her boyfriend stood by the passenger door between her and Mills, Johnson opened the door and fired a Ruger 9mm handgun. The bullet struck Mills in the back, and Mills later died.

The State charged Johnson with first-degree murder. Eyewitnesses to the shooting and the events just before it testified at the trial.[1] The State claimed that the fight between Johnson and Mills was over when Johnson fired the gun, while Johnson claimed she fired in self-defense. Ultimately, the jury acquitted Johnson of first-degree murder but found her guilty of the lesser-included offense of assault causing a serious injury. The district court sentenced Johnson to five years in prison and ordered her to pay $150,000 in restitution to Mills's heirs or estate.

---

[1] Among the evidence admitted at trial was a surveillance video taken from a house down the street. The video does not include audio. Because it was dark and the video was shot from a distance, it is hard to see more than general movements by Johnson, Mills, and witnesses.

### I. Jury Instructions.

On appeal, Johnson first challenges the jury instructions. We review the jury instructions for correction of legal error. *See State v. Davis*, 988 N.W.2d 458, 463 (Iowa Ct. App. 2022). In doing so, we view the jury instructions as a whole and determine whether they correctly state the law and are supported by substantial evidence. *See id.* A jury instruction is improper if it is unrelated to the factual issues to be decided by the jury. *Id.* at 466. "Evidence is substantial enough to support a requested instruction when a reasonable mind would accept it as adequate to reach a conclusion." *Id.* (citation omitted).

Johnson contends that insufficient evidence supports two of the instructions addressing her justification defense. She challenges Instruction No. 55, which informed the jury of three situations in which the defendant's use of force would not be justified. Johnson objects to the portion of Instruction No. 55 that states her use of force was not justified if she "was engaged in the illegal activity of Assault . . . in the place where she used force, she made no effort to retreat, and retreat was a reasonable alternative to using force." Johnson also challenges Instruction No. 58, which required the jury to presume Johnson reasonably believed the use of deadly force was necessary if the evidence showed Johnson knew or believed Mills was unlawfully entering Johnson's vehicle by force. Johnson complains about the second half of that instruction, which states that the jury "need not" give the presumption if Johnson was engaged in the crime of assault when she used deadly force. She argues that the facts do not support giving either instruction because the evidence did not show she was engaged in an assault when she shot Mills.

There is conflicting evidence about what occurred before Johnson shot Mills. Although there is evidence supporting Johnson's claim that Mills was still coming after her when she fired, there is also evidence contradicting it. Eyewitnesses testified that the fight was over once Johnson was back inside the vehicle. One of those witnesses testified that while Johnson's boyfriend tried to hold the vehicle's door shut, Johnson pushed it open, pointed the gun at Mills, and asked, "Where your gun at now, bitch?" before firing. From this evidence, one could find that Johnson's acts of pushing Mills out of the vehicle, fighting her outside it, and displaying the gun while taunting Mills constituted either one continuous assault or a series of assaults. What occurred was a question for the jury to resolve. *See, e.g.*, *State v. Williams*, 62 N.W.2d 241, 242 (Iowa 1954) (noting the jury's function is deciding disputed fact questions in a criminal case). Because a reasonable mind could conclude Johnson was engaged in an assault when she fired her gun, the court did not err in giving Instruction Nos. 55 and 58. We affirm Johnson's conviction.

### II. Restitution.

Johnson next challenges the order requiring her to pay $150,000 in victim restitution under Iowa Code section 910.3B(1) (2020). That provision requires the court to order a defendant to pay at least $150,000 in victim restitution if "convicted of a felony in which the act or acts committed by the offender caused the death of another person." Iowa Code § 910.3B(1). On appeal, Johnson contends the provision violates her due process rights by allowing the court to award restitution without a jury finding she caused Mills's death.

The State contends that Johnson failed to preserve error for our review. At sentencing, Johnson argued that awarding victim restitution "would violate the excessive fines clause of the United States Constitution and the Iowa Constitution under the Eighth Amendment to the United States Constitution and the Eighth Amendment, Article I, section 17 of the Iowa Constitution." Johnson cited *State v. Izzolena*, 609 N.W.2d 541, 550 (Iowa 2000), in which the supreme court noted the court could not impose a restitution award under section 910.3B "in a case involving an unintentional or negligent offender. Instead, [section 910.3B] is limited to an offender who has demonstrated a willful and wanton disregard for the rights of others in the commission of the crime." Although she did not cite the constitutional right to due process, Johnson's attorney argued that victim restitution could not be awarded because

> the jury did not find anything that showed that shooting [Mills] was an intentional act or a reckless act. This jury found that Lasondra Johnson did an act which could have been an act merely to place others in fear of immediate physical contact which would be injurious or offensive. They didn't find necessarily that she shot her on purpose.

Johnson makes essentially the same argument on appeal. Even so, Johnson alleges that the restitution awarded under section 910.3B is an illegal sentence, *see State v. Davison*, 973 N.W.2d 276, 286 (Iowa 2022) (stating that section 910.3B restitution is "a form of punishment"), and thus the rules of error preservation do not apply, *see State v. Richardson*, 890 N.W.2d 609, 615 (Iowa 2017).

After Johnson was sentenced, the supreme court held that the jury must find the defendant caused the death of another before the court can impose

restitution under section 910.3B. *Davison*, 973 N.W.2d at 287-88 (holding that imposing restitution under section 910.3B without a jury finding that the defendant's acts caused the death of another violates the Sixth Amendment to the United States Constitution). The court said that the effect of its decision "should be relatively narrow" because "cases where the $150,000 restitution would be assessed on a defendant who was not convicted of a homicide felony are, and likely will remain, relatively rare." *Id.* at 288. "[T]o assure a jury finding of causation in such cases," the court proposed that "the State would have the option of submitting a special interrogatory to the jury" like the special interrogatory used to determine whether a defendant must register as a sex offender. *Id.* at 289. Although the district court and the parties did not have the benefit of *Davison* when Johnson was tried and convicted, its holding still applies. Thus, we reverse and vacate the award of $150,000 in victim restitution under section 910.3B.

### III. Prison Sentence.

Finally, Johnson contends the district court abused its discretion in sentencing her to a five-year prison sentence. We review sentencing decisions for correction of errors at law. *See State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). Because the sentence is within the statutory limits, we will not reverse it without a showing that the court abused its discretion. *See id.* The sentencing court abuses its discretion by exercising its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (citation omitted).

The sentencing court must consider which authorized sentence provides an opportunity for the defendant's rehabilitation and protects the community from further offenses by the defendant and others. *See* Iowa Code §§ 901.5, 907.5(1).

Section 907.5(1) lists the factors that the court must consider in making this determination, including the defendant's age, criminal record, the nature of the offense, and "other factors as are appropriate."

Johnson first argues the court failed to exercise its discretion by sentencing her in accordance with a personal, fixed sentencing policy, which "is the exact antithesis of discretion." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (citation omitted). She claims the court's statements show it adhered to a policy of incarcerating defendants who use a gun to commit an offense that results in the death of another. She also argues the court focused on improper sentencing considerations in imposing her sentence by focusing on an unproven offense because the court stated she was convicted "of killing another human being" without any such finding by the jury. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (noting that if the court improperly considered unproven or unprosecuted conduct, remand for resentencing is required).

At the sentencing hearing, the court stated:

> I have considered the arguments of the defense, her request for a deferred judgment. I do not believe given the facts and circumstances of this case, history of this case, that a deferred judgment is warranted.
> I have considered all other options including probation. I do not believe probation is appropriate at this time either. The jury reviewed the case. The jury did not find that Ms. Johnson was justified in her behavior, and the jury returned a verdict of this felony offense resulting in the death of another individual.
> In sum, a gun was used. In sum, a gun was discharged. And in sum, Ms. Johnson killed another human being with the use of that gun. And it's the Court's opinion, given those short, simple facts, that a prison sentence is appropriate.
> . . . .
> In pronouncing judgment and sentence the Court has considered the factors set out in Iowa Code section 907.5 including

the nature of the offense, the attending circumstances, your age, your character, and your propensities or chances for reform.

Again, for the reasons already stated upon the record, but in addition, the Court does find the sentence to be appropriate considering the recommendations of counsel, the nature of this offense, your age, your limited prior record, but nonetheless a record, and the sentencing goals and objectives of the Court.

In support of her claims, Johnson also points to the following statement the court made after her attorney objected to the amount of the appeal bond:

As far as the appeal bond, the Court has already articulated the reasons for it. With all due respect to the defense, the fact that the assertion is that the defendant's not a danger to the community in light of the fact that we are here for the very reason she killed another human being frankly doesn't hold water.

By conviction as we sit here now, not by allegation, but by conviction, she stands before the Court convicted of killing another human being. She absolutely is a danger to the community in the Court's eyes at this point. She took a firearm under whatever circumstances either the defense or the prosecution wishes to present it, the Court sat through the testimony and the jury ultimately rendered a verdict finding that she took it, she fired it, and she killed another human being. And so consequently, this is the Court's appropriate finding regarding the appeal bond and, with all due respect to the defense, any objection to that is overruled.

The record does not support Johnson's claim that the court acted in accordance with a fixed policy in sentencing Johnson to a five-year prison sentence. In denying Johnson's request for a deferred sentence and deciding against probation, the court focused on the nature and circumstances of her offense. In particular, the court focused on Johnson's use of a firearm—a deadly weapon—and emphasized that Johnson's act resulted in Mills's death. But there is no showing that the court focused on those facts because it was adhering to a fixed sentencing policy. Rather, the inherent danger of wielding a firearm near a group of people and the deadly result bear on the question of which sentence best protects the community.

Nor does the record show the court relied on an unproven offense when sentencing Johnson. Johnson focuses on the court's statement that she stood before it "convicted of killing another human being." She argues the statement is incorrect because the jury acquitted her on charges of murder, manslaughter, and attempt to commit murder. She also claims that the jury could have convicted her of assault causing injury solely based on injuries to Mills's face that she incurred during the fight. But the evidence at trial shows that Johnson was the only person who fired a gun that night, and Mills died as a result.

> [W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on. There is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed.

*State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). The sentencing court may rely on sworn testimony presented during trial to conclude that a defendant committed other crimes, even if the jury acquitted the defendant of those charges. *See id.* at 474-75 ("[A] sentencing judge is not required to deviate from the judge's own characterization of the nature of a crime committed based on sworn testimony simply because the jury has characterized the offense differently. Judge and jury have separate and distinct roles in the criminal justice system, and sentencing is the sole prerogative of the judge."). There is sufficient evidence showing that regardless of her intent, Johnson's actions caused Mills's death.

Because the sentencing court properly exercised its sentencing discretion and did not rely on an improper factor in imposing sentence, we affirm Johnson's prison sentence.

*IV. Conclusion.*

We affirm Johnson's conviction on the charge of assault causing injury, affirm her prison sentence, but reverse and vacate the $150,000 in victim restitution awarded under Iowa Code section 910.3B(1).  We remand for a new sentencing order consistent with this opinion.

**CONVICTION AFFIRMED, AND SENTENCE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**