## THE STATE v. COWAN.

1.  **Instructions**: BASED ON INCORRECT ASSUMPTION.  An instruction which incorrectly stated that all the evidence against defendant was circumstantial, and another instruction based on such incorrect statement, were properly refused.

2.  **Embezzlement**: EVIDENCE WARRANTING CONVICTION. The defendant, who had been county treasurer, was indicted for embezzling the funds of the county. The deficiency, and efforts to conceal the same by fraudulent vouchers and entries were proved or admitted, but defendant sought to shift the responsibility from himself to another, but the jury found against him on that issue.  *Held* that there was no such want of evidence to sustain the verdict as to justify this court in setting it aside.

B.  **Verdict**: EFFECT OF STATEMENTS MADE BY BAILIFF IN JURY-ROOM : PRACTICE : AFFIDAVIT OF JUROR.  Defendant sought to have the verdict against him set aside on the ground that one of the jurors was induced to consent to it, against his judgment, by statements made by the bailiff in the jury-room.  *Held* (1) that the affidavit of the juror was not competent to show that his verdict was influenced by the alleged statement (*Wright v. Ill. & Miss. Tel. Co.,* 20 Iowa, 195, 210) ; and (2) that, since the alleged statements, if made, were not such as, under the facts of the case, might reasonably be supposed to have influenced one or more of the jurors in making up the verdict, the court did not err in refusing to set the verdict aside on account thereof.

*Appeal from Franklin District Court.*—Hon. H. C. Henderson, Judge.

Filed, March 8, 1888.

THE defendant was indicted by the grand jury of Hardin county for the crime of embezzlement. He pleaded not guilty to the charge, and procured a change of place of trial to Franklin county. There he was tried, convicted and adjudged to pay a fine of $6,154.38, and to be imprisoned in the penitentiary at Anamosa for the term of four years. From this judgment defendant appeals.

*George W. Ward* and *Fred. Gilman*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROBINSON, J.—I. Appellant complains of the refusal of the court to give instructions asked by him,

1. INSTRUCTIONS: based on incorrect assumption.

in language as follows: "(1) There is no positive evidence of the guilt of the defendant in this case. The evidence relied upon by the state to procure a conviction is circumstantial. (2) In order to justify a conviction on circumstantial evidence, the proved circumstances in evidence must not only be inconsistent with the defendant's innocence, but they must be absolutely inconsistent with any other hypothesis than that of his guilt; and if the circumstances in evidence can be reasonably explained in any manner consistent with the defendant's innocence, it is the duty of the jury to so construe them, and return a verdict of not guilty. Neither preponderance of evidence nor any weight of preponderant evidence is sufficient in a criminal case, unless it generates a full belief of the guilt of the party charged to the exclusion of all reasonable doubt." We do not understand that the evidence on the part of the state was wholly, or even in large part, circumstantial. Much of it was positive and direct in support of the material issues presented by the indictment. Hence, the first instruction asked was not true in fact, and was properly refused. The second

The State v, Cowan.

instruction asked was based in part upon the erroneous assertions of the first. The facts of the case did not warrant the giving of the second instruction, even if conceded to be correct in the abstract. "The proved circumstances in evidence" should not have been considered alone by the jury, but rather with all facts, both admitted and proven, which bore directly upon the question of the defendant's innocence or guilt. The jury were properly charged by the court as to the necessity of establishing the guilt of defendant beyond a reasonable doubt before he could be found guilty, and as to what would constitute such a doubt. We do not discover any just ground to complain of the refusal of the court to give the instructions asked.

II. It is said on the part of appellant that the evidence does not justify the verdict; that there is no direct evidence of the conversion of public funds, and no evidence that defendant did not properly account, on sufficient demand, for all moneys he had received in his official capacity. It was clearly shown and not denied that defendant was treasurer of Hardin county during the time in controversy; that, as such treasurer, he had collected a large sum of money which he did not pay over at the end of his official term to his successor in office, and which had not been rightfully paid out previous to the termination of his office; that a settlement of his accounts was made at the close of his term of office, which resulted in the discovery of a large deficiency; that attempts had been made to conceal the deficiency by means of fraudulent vouchers and false representations in the books of his office; and there was evidence which tended to show that defendant was responsible for these illegal vouchers and entries, with fraudulent intent. Other facts which tended to prove the issues on the part of the state, but which we need not specify, were proven. The defendant, who testified in his own behalf, did not deny the deficiency, nor the fraudulent vouchers and entries referred to, but attempted to shift all criminal responsibility for them from himself to another. The jury

*2. Embezzlement: evidence warranting conviction.*

decided against defendant on that issue, found him guilty as charged, and fixed the amount of the sum embezzled at $6,154.38. We think their verdict was authorized by the evidence.

III. After verdict, and before judgment, the defendant filed a motion for a new trial. One of the grounds of the motion is alleged misconduct in the jury-room. When the verdict was first returned into court, the jury were polled at the request of defendant. When juror Allinson was reached, he answered, in response to the question, "is this your verdict?" "Well, I agreed to it, but I do not believe the defendant guilty." Thereupon, the court refused to receive the verdict, and the jury retired to their room in charge of a bailiff. Afterwards, and on the same day, the jury returned into court the same verdict. The ground of the motion referred to is supported by affidavits, and resisted by counter-affidavits. Juror Allinson swears that he did in the jury-room, and does now, believe the defendant to be innocent; that he voted, for acquittal in the jury-room; also, " that I was influenced in arriving at the verdict of guilty herein; that the bailiff, C. L. Jernegan, at the door of the jury-room, and on this afternoon, a short time before the verdict was returned into court, informed me that the judge of this court said, after we as a jury had once returned into court, and been returned to the jury-room, 'that it was a shame (or words to that effect) that one man should hang out against the eleven.' He also said that he (Jernegan) heard in the court-room that they were going to bring in all the papers and evidence to the jury-room again, and that these statements influenced me to some extent, and considerably, in agreeing to the verdict, as I thought the judge ought to know better than I." Juror Westaby swears that he has read the affidavit of Allinson, and " that the substance of the statements therein made as to Jernegan's statement about the sayings of the court were and are correct." Juror Van Dusen swears that he has read the affidavit of Allinson, and

3. VERDICT: effect of statements made by bailiff in jury-room: practice: affidavit of juror.

that, "while I cannot give the exact words of the said Jernegan, I know that the substance of what the said affidavit sets forth is true." Juror Porter swears that Jernegan stated to him, after they had been returned to the jury-room, "that the judge of this court said that he never heard of, or never saw, such a case of that kind before;" that this was while they were talking about Allinson's not agreeing with the balance of the jury. In opposition to these affidavits, Jernegan swears that he did not speak to Allinson while the jury were deliberating, and did not, at any time, say to any juror what he is charged with having said in regard to the language used by the court. Each of the jurors, Pearse, Runyan, Jones, James and Wallin, swears that he was in the jury-room when Jernegan was present, at the time of the alleged conversations with Allinson, and that there was not, to his knowledge, any such statements made or conversations had as claimed by Allinson. Also, that, before Jernegan made any statement to the jury, Allinson had agreed to the verdict that was finally returned, and had agreed that he would again return into court and return a verdict of guilty. It will be noticed that no one but Allinson claims to have been influenced by what is alleged to have been said by the bailiff, and Allinson does not claim that his verdict was the result of the bailiff's remarks. But the statements of the jurors are not competent to show that his verdict was influenced by what was said by the bailiff, since that is a matter which necessarily inheres in the verdict. *Wright v. Ill. & Miss. Tel. Co.*, 20 Iowa, 195, 210. The material question is: Did the bailiff make such statements to the jurors, or any of them, as under the facts of this case might reasonably be supposed to have influenced one or more of the jurors in making a verdict? The alleged statements had no relation to the merits of the case, and were not of a character which should have influenced a conscientious juror. Allinson alone claims that the statements he heard were made before he had agreed to the verdict, and he claims that by implication rather than by direct statement.

Westaby and Van Dusen do not say whether the statements they claim to have heard were made before or after the verdict had been agreed to. The statement said to have been made to juror Parks had no relation to the merits of the case, and would not naturally tend to affect the verdict. On the other hand, the bailiff positively denies the alleged statements, and his denial is corroborated by five jurors, who also assert that the verdict had been agreed to before the bailiff made any statement to the jury. The claim of Allinson is improbable in itself, and is contradicted by a very decided preponderance of the evidence. We do not think the verdict should be disturbed on this ground.

IV. Other questions are presented by appellant, but, as most of them have been determined by previous decisions of this court, they need not be further considered. It is enough for us to say that we have examined the record, and find no error or defect which affects the substantial rights of the parties.

AFFIRMED.