STATE, Respondent, vs. COTTER, Appellant.

*June 3—June 20, 1952.*

For the appellant there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *John Doar.*

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

BROADFOOT, J.   The defendant contends that he is entitled to a new trial because of an incident that occurred as the jury retired to the juryroom for its deliberations.  The affidavit of defendant's counsel made in support of his motion for a new trial related the incident as follows:

". . . that the jury impaneled . . . , after retiring to the juryroom for deliberation, was visited by and talked to by Sheriff Emil Stusek, who was appointed as officer in charge of said jury.

"That prior to the jury retiring for deliberation they were placed in the custody of said sheriff, Emil Stusek, who took the oath set forth in Wisconsin statutes 331.40 from the

clerk of court, Madeline Huth; that the affiant herein saw the said sheriff, Emil Stusek, go into the juryroom and heard him talking to them; that after the bailiff, Emil Stusek, had removed himself from the juryroom, the affiant herein walked up to him, approached him, and the bailiff explained, 'I just told the jury they would not hurt my feelings if they hurried.'

"That the affiant herein immediately returned to the courtroom to make objection to the Hon. CARL H. DALEY as to such conduct on the part of the officer in charge of the jury and that he had to wait until a recess was had by the court who was at the time impaneling another jury; that at this recess the affiant herein advised the court of the misconduct of the officer in charge of the jury who was also a witness of the state in the prosecution of the action and who had also secured evidence for the state and objected to such conduct as being prejudicial to the defendant herein.

"That the court was thus advised and that such objection was made prior to the returning of any verdict in the above case by the jury who subsequently announced a verdict of guilty.

"That the officer in charge of the jury above referred to admitted to the court upon being questioned that he had made the above statement to the jurors."

At noon the jury returned to the courtroom and the following proceedings were had:

"The Court: Somebody has claimed that something was said to the jury to the effect that it wouldn't hurt his feelings if you hurried, or didn't take long. I want to instruct the jury that you are to disregard that statement. You can take as much time as you want to decide the case. You don't need to feel that you are under pressure with the court at all. Do I make myself clear? Does the jury feel that you were hurried on the verdict?

"Foreman: Well, we haven't reached a verdict yet.

"The Court: Well, you better go out to dinner first. The sheriff will make arrangements for your dinner.

"(The jury retired to the juryroom at 12:01 p. m. November 7, 1951.)"

In opposition to the motion for a new trial the state presented an affidavit by Stusek, together with affidavits of seven jurors, which indicated that the remark was made in jest and that the jurors were not influenced in any way thereby. The motion for a new trial was denied.

The record also discloses that at the time of the alleged offense Stusek was deputy sheriff and took part in the investigation of the facts. At the time of the trial he was the sheriff of Burnett county and was a witness for the state.

In criminal cases it has been held for many years that an unauthorized communication to the jury or a member thereof not made in open court and a part of the record is ground for the granting of a new trial. The rule is shown in the following quotations:

"The result of the adjudications on this subject is to the effect that all proceedings in a case should be open and public and in the presence of the parties, whenever practicable, so as to afford them all reasonable opportunity to participate in the proceedings, and, if they are dissatisfied, to take such exception as the law allows. The due observance of this rule has led to a disapproval by the courts of any act by the judge, counsel, party, or stranger whereby communication is had with the jury after the case is submitted to them and they have retired for deliberation on their verdict, except it be in open court and with a due regard to the rights and privileges of the parties. Whenever such communications were had, though they were not prompted by improper motives, and though they may not have influenced the jury in arriving at their verdict, still they are generally treated as in themselves sufficient ground for setting aside the verdict rendered, for the reason that no party should be subjected to the burden of an inquiry before the court, regardless of whether or not its conduct in this respect, or that of its officers or that of the opposing party, has tended to his injury." *Havenor v. State,* 125 Wis. 444, 446, 104 N. W. 116.

"The influences which may be exerted on such occasions are too infinite and varied to be the subject of disproof, and the only safe rule to follow in all such cases is to set the verdict aside. It is not only a most wholesome but a necessary policy to promote confidence in the administration of justice to require litigants as well as their attorneys to abstain from all social relations and intercourse with jurors during the progress of a trial under the penalty of vitiating verdicts which they may obtain. This principle is plainly applicable to this situation, for which reason a new trial must be granted." *La Valley v. State,* 188 Wis. 68, 80, 205 N. W. 412.

The decision in this latter case was cited with approval in *Surma v. State,* 260 Wis. 510, 51 N. W. (2d) 47.

This rule is also followed in civil cases, as indicated by the following quotation from *Weidenhaupt v. Hoelzel,* 254 Wis. 39, 41, 35 N. W. (2d) 207, and by the cases there cited:

". . . it is the well-settled rule in this state that all proceedings in a case shall be open and public; that any communication with the jury, after the case is submitted to them and they have retired for deliberation on their verdict, by any person, shall be in open court, and in the presence of the parties or their representatives, where practicable. The rule is strict and any deviation from the rule has generally been treated as sufficient ground for setting aside the verdict, even though, as here, the communication was not prompted by improper motives and even though it has not influenced the jury in arriving at their verdict. A defeated party should not be required to show that a communication not made in open court was in fact prejudicial. *Havenor v. State* (1905), 125 Wis. 444, 104 N. W. 116; *Hurst v. Webster Mfg. Co.* (1906), 128 Wis. 342, 107 N. W. 666; *Ulrich v. Schwarz* (1929), 199 Wis. 24, 225 N. W. 195."

The state contends that the court did not err in denying a new trial because no prejudice to the defendant was shown and it claims no prejudice actually occurred in fact because the trial court's instructions prevented any prejudice. The cases cited above hold that a defeated party is not required to show

prejudice. The rule is harsh, but necessary. As was said in the *La Valley Case, supra* (p. 80):

"And so it is with jury trials. In order that the institution be preserved and its usefulness continued, its deliberations and pronouncements must be kept pure, and untainted not only from all improper influences but from the appearance thereof. It is often said that the jury trial is one of the bulwarks of our liberty. But it will remain so only so long as public confidence in the institution prevails."

Even though no prejudice was shown and even though the instructions by the trial judge would tend to eliminate prejudice, if any in fact existed, a trial must be free not only from prejudice but from the appearance thereof, and the rule must be adhered to in this case.

In the *Surma Case, supra,* it was also held to be error to permit a deputy sheriff, who had been one of the investigating officers and who was also a witness for the state at the trial, to act as bailiff in charge of the jury during its deliberations. The state contends that the rule there announced should not be applied to this case because the bailiff was not an important state's witness but was only used on rebuttal. We are unable to draw such a fine distinction in the application of the rule, and its violation is another reason why the motion for a new trial should have been granted.

*By the Court.*—Judgment reversed and cause remanded with directions to grant the defendant a new trial.

. FAIRCHILD, J., took no part.