STATE OF IOWA, appellee, v. ED. A. POFFENBARGER, appellant.

No. 48811.

(Reported in 74 N.W.2d 585)

Fᴇʙʀᴜᴀʀʏ 7, 1956.

Thomas O. Tacy, of Council Bluffs, for appellant.

Dayton Countryman, Attorney General, Raphael R. R.

554

Dvorak, Assistant Attorney General, and Matt J. Walsh, of Council Bluffs, County Attorney, for appellee.

GARFIELD, J.—Defendant has appealed from a judgment imposing a fine of $1000 following a jury verdict of guilty of operating a motor vehicle while intoxicated, second offense, in violation of section 321.281, Code, 1954. He urges two grounds for reversal. First, the evidence he was driving his automobile at the time in question is insufficient; second, misconduct of the bailiff in charge of the jury during its deliberations. We hold the judgment should not be reversed on either ground.

I. Defendant's experienced counsel did not contend in the court below the evidence he was driving his car was insufficient. And the contention now made directly conflicts with some statements in defendant's brief. In this state of the record perhaps we might disregard defendant's first contention. However, we are disposed to consider it.

■ We have held we cannot permit a verdict of guilty to stand where there is absence of proof of any of the essential elements of the crime charged. State v. Burns, 181 Iowa 1098, 1102, 165 N.W. 346. A conviction notwithstanding such absence of proof amounts to denial of a fair trial. State v. Higgins, 192 Iowa 201, 204, 182 N.W. 887; State v. Anderson, 240 Iowa 1090, 1098, 38 N.W.2d 662, 666.

■■ II. We have stated so many times the rules governing our consideration of a claim of insufficient evidence in a criminal case it should hardly be necessary to mention them again. Of course the evidence should be viewed in the light most favorable to the State. It is necessary to refer only to the testimony which tends to support the verdict. We do not decide disputed fact questions in a criminal case. That is the jury's function and its verdict is binding upon us unless we are satisfied it is without substantial support in the evidence or it is clearly against the weight thereof.

Recent decisions which support what we have just said include State v. Kneedy, 232 Iowa 21, 27, 3 N.W.2d 611, 615, and citations; State v. Williams, 245 Iowa 401, 403, 62 N.W.2d 241, 242, and citations; State v. Miskell, 247 Iowa 678, 686, 687, 73 N.W.2d 36, 41, and citations.

■ Just before defendant was arrested his car was involved in a minor collision with one driven by a Mrs. Ward. As a witness this lady pointed out defendant as the driver of the other car. Police officer Smith testified he knew defendant and his car and at the time in question was following defendant, with another car in between; he looked at the driver of defendant's car and saw it was defendant. It is true on cross-examination he said "I could be mistaken, but I believe it was Mr. Poffenbarger driving the car." Another officer who arrested defendant testified he found defendant hiding between two parked cars and that when apprehended defendant said "I made a turn in front of her (Mrs. Ward)." A pedestrian who observed the minor collision testified he saw only one person in defendant's car and "The man the police placed under arrest was the same man I saw under the wheel of the car."

Defendant claimed on the trial that his friend Fador drove defendant's car and he accompanied Fador. Both defendant and Fador so testified. And a physician who examined defendant after he was arrested said defendant denied to him he operated his automobile. Evidently the jury did not believe the defendant and Fador. Of course it was not compelled to do so in the face of substantial testimony for the State, to which we have referred. Defendant had twice been convicted of a felony and Fador had been convicted once.

Further discussion of the evidence is unnecessary. It seems to be conceded there is sufficient testimony defendant was intoxicated. There is clearly sufficient evidence he was the driver of the car. While Officer Smith's direct testimony was somewhat weakened on cross-examination its effect was not thereby destroyed. See State v. Hammer, 246 Iowa 392, 396, 66 N.W.2d 490, 492.

This is simply a case of conflicting evidence and the verdict based thereon is binding upon us. State v. Franklin, 242 Iowa 726, 734, 735, 46 N.W.2d 710, 714, 715, and citations; State v. Williams, supra, 245 Iowa 401, 404, 62 N.W.2d 241, 242, and citations; State v. Miskell, supra, 247 Iowa 678, 687, 73 N.W.2d 36, 41, and citations.

■ III. Defendant's second ground for reversal was first raised in his motion for new trial and affidavit attached thereto

which states: "About 9 p.m. I saw the bailiff in charge of the jury go to the bottom of the stairway leading to the room where the jury was deliberating. He shouted to the jury or its foreman in a loud voice, in substance, 'Tell him to make up his mind one way or the other.' After further conversation with the jury or the foreman the bailiff shouted in a loud voice, in substance, 'Tell him I can stay here as long as he can.'"

No other showing was made in support of this complaint. The jury retired to deliberate at 3:45 and returned its verdict at 10:20 p.m. The trial court evidently felt the statement in the affidavit was insufficient basis for a new trial. We are not inclined to disagree with the ruling although the claimed conduct of the bailiff is not to be approved.

■ Presumably the bailiff was sworn not to communicate with the jury, unless so directed by the court, except to ask them whether they had agreed upon their verdict. Section 780.37, Code, 1954. For similar provision as to civil trials see rule 199(b), Rules of Civil Procedure. The bailiff should have been careful to faithfully discharge his sworn duty. Trial courts should see that bailiffs do so. It is not the bailiff's function to urge any juror to make up his mind.

■ However, we do not reverse a conviction because of misconduct of the bailiff unless it probably influenced or prejudiced the jury against the defendant in the rendition of its verdict. And the trial court has at least some discretion in passing on a claim of misconduct such as this. Unless an abuse of discretion appears we will not ordinarily disturb its ruling on a motion for new trial based on such a ground.

In support of these views see State v. Franklin, supra, 242 Iowa 726, 737, 46 N.W.2d 710, 716; State v. Gallagher, 236 Iowa 123, 127, 128, 16 N.W.2d 604, 606; State v. Davis, 230 Iowa 309, 312, 313, 297 N.W. 274, 275; State v. Siegel, 221 Iowa 429, 434, 435, 264 N.W. 613; Brossard v. Chicago, M. & St. P. R. Co., 167 Iowa 703, 722–725, 149 N.W. 915; State v. Lindsay, 161 Iowa 39, 42, 43, 140 N.W. 903; State v. Cowan, 74 Iowa 53, 56–58, 36 N.W. 886. See also 53 Am. Jur., Trial, section 860; 24 C. J. S., Criminal Law, section 1926a ("The misconduct of the jurors' custodian is not ground for reversal in the absence of prejudice.").

An extended annotation to State v. Cotter, 262 Wis. 168,

54 N.W.2d 43, 41 A. L. R.2d 222, 227, 236, contains this statement followed by citations from 31 jurisdictions: "However, in many criminal cases, it has been held or recognized that communications by the custodian to the jury after submission of the case, or the circumstances under which they took place, were not such as to render them prejudicial to the rights of the accused, or to warrant reversal on some other ground."

We are not justified in holding the claimed remarks of this bailiff, assuming they were heard by some jurors or the foreman, probably influenced the verdict or any individual juror or were prejudicial to defendant in any way. The remarks did not relate to any fact material to a proper determination of the case. It was not suggested that any juror make up his mind against defendant. While the first remark it is claimed was made suggested that some juror make up his mind one way or the other without undue delay, this was followed by a suggestion, in effect, that the juror might take as much time as he desired.

The conduct of this bailiff was much less flagrant than that of the jury bailiff in the Iowa cases defendant cites: State v. LaGrange, 99 Iowa 10, 12–15, 68 N.W. 557; State v. Peirce, 178 Iowa 417, 433, 434, 159 N.W. 1050; State ex rel. Patton v. Terpstra, 206 Iowa 408, 411–414, 220 N.W. 357. These are the same precedents cited by defendant in State v. Gallagher, supra, 236 Iowa 123, 128, 16 N.W.2d 604, 606. The LaGrange case, supra, recognizes that a conviction will not be reversed for misconduct of a bailiff "of such a character that prejudice may not fairly be presumed to have arisen from it."

Defendant also relies upon State v. Cotter, supra, 262 Wis. 168, 54 N.W.2d 43, 41 A. L. R.2d 222. The case is distinguishable in that there the officer in charge of the jury investigated the crime charged and was a witness for the State at the trial. These facts as well as an unauthorized communication by the officer to the jury were held to require a new trial. The view seems to prevail in Wisconsin that any such communication calls for a new trial even though it does not influence the jury in arriving at its verdict. This is not in accord with the rule in Iowa and numerous other jurisdictions.—Affirmed.

All JUSTICES concur.