STATE OF IOWA, appellee, v. JOHN KRAMER, appellant.

No. 50203.

(Reported in 109 N.W.2d 18)

MAY 2, 1961.

Kenline, Roedell, Hoffmann & Reynolds and Donald R. Breitbach, all of Dubuque, for appellant.

Evan L. Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Robert L. Oeth, Dubuque County Attorney, for appellee.

THOMPSON, J.—The trouble with some cases is the people who figure in them. Here, the prosecuting witness charged the defendant with forcible rape, and her testimony substantiated the accusation. The defendant countered with denial of any actual intercourse, and of any force used in the commission of certain admitted familiarities which could by no means be approved by even the most lenient standards of proper conduct. By himself and witnesses he attacked the reputation for chastity of the prosecutrix. On the record, it must be said that neither party came out of the encounter with any added reputation for virtue or seemly behavior, or with any increased odor of roses observable.

The prosecuting witness was a young woman 18 years of age on September 26, 1959, the time of the occurrence which forms the basis for the State's charge. The defendant was accused by county attorney's information of the offense of rape contrary to and in violation of section 698.1 of the 1958 Code of Iowa. It was of course necessary for the State to show unlawful force in the commission of the act charged. The jury

found the defendant guilty of the included offense of assault with intent to commit rape, and from judgment on the verdict and the sentence imposed he appeals.

The defendant was represented during the trial by the same counsel who appears for him in this court. He assigns three errors relied upon for reversal: 1, The court erred in instructing on the crime of rape and in submitting this issue because of lack of evidence to support it; 2, the court erred in failing to direct a verdict in favor of defendant and in failing to set aside the verdict because it was clearly contrary to the evidence; and 3, the sentence imposed was excessive and should be reduced.

I. The first and second assigned errors depend much on the same considerations and will be discussed together. Some procedural obstacles first confront the defendant in urging them. He made no motion for a directed verdict at any time; he took no exceptions to the instructions, and made no motion for a new trial. None of the matters urged in the first two assignments of error was at any time called to the attention of the trial court, no ruling was asked on them, and the instructions are not set out in the record. We have repeatedly said that under these circumstances no appealable question is presented to this court. State v. Holoubek, 246 Iowa 109, 111, 66 N.W.2d 861, 862; State v. Walters, 244 Iowa 1253, 1261, 58 N.W.2d 4, 8; State v. Mart, 237 Iowa 181, 185, 186, 20 N.W.2d 63, 65, 66; State v. Bosworth, 170 Iowa 329, 331, 152 N.W. 581, 583.

Why counsel who now urges these matters so strenuously here did not see fit to present them to the trial court we are not advised. But we are asked to consider them because of the provisions of section 793.18 of the Code, which we quote:

"Decision of supreme court. If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it."

This section, counsel thinks, relieves the defendant in this

case, or in any criminal proceeding, of the necessity for trying his case according to established rules of procedure, whether statutory or by rule of court or otherwise. We do not agree that procedural matters are mere technicalities which we must in all cases disregard when they have not been followed in the trial court. We think they are substantial.

The right of an accused to counsel when charged with a serious offense is firmly established. But this carries with it corresponding duties. One of the major reasons why the services of counsel are so important is that the rules of procedure may be complied with. The orderly processes of court procedure, as established by many years of trial and error or by legislative enactment, must be substantially observed or the rights of the contesting parties may be lost in a welter of confusion.

So while the right of a defendant to the services of counsel is firmly fixed, it will not do to say that, being so represented, he is immune from compliance with the rules by which established procedure requires trials must be conducted. The trial court, and the State, are entitled to know what the defendant claims, to what he objects; in short, in what respects he contends he is not receiving a fair trial. If, being represented by counsel, he fails to make his position clear, so that the trial court may know his complaints and take care to remedy those which may be well founded, he will ordinarily not be in a strong position to urge error in the appellate court.

It is true that we have, on occasion and when the record showed that a fair trial had not been had, proceeded under section 793.18, supra, to reverse. State v. Cusick, 248 Iowa 1168, 1170, 84 N.W.2d 554, 555; State v. Martin, 243 Iowa 1323, 1327, 55 N.W.2d 258, 260, 34 A. L. R.2d 904; State v. Cox, 240 Iowa 248, 252, 34 N.W.2d 616, 619. But these were extreme cases, in each of which the record showed amply that the defendant had not had a fair trial. Generally we think that when a defendant is represented by competent counsel, and for reasons of strategy or otherwise questions or objections are not presented to the trial court, there is grave danger they may be considered on appeal to have been waived.

■■ However, since the charge against the defendant here

is a serious one, we have determined to extend him leniency by considering his assigned errors on their merits and as though they had been properly saved below. But having done so, we find them without merit. We shall not take the time and space needed to set out in detail the record which we find supports the State's position and required a submission to the jury of the charge of rape and the included offense of assault with intent to commit rape. The prosecuting witness testified to a forcible rape, preceded by an assault on a public street in Dubuque. She testified to penetration, and was corroborated by a police officer who arrived on the scene during the act. There was corroboration of the assault from Mrs. Donald Redenbaugh, a housewife living on Washington Street in Dubuque, who testified that about midnight on the date in question she was awakened by cries for help coming from the street. She looked out of her window and saw a couple struggling; she called out, but the man did not cease his attack. He had the girl's arms twisted behind her back, and was pushing her south along the street. The witness ran into the street and "called him everything I could think of, but he wouldn't let her go. Defendant threw [the prosecutrix] down and sat on top of her. Defendant in a low voice told me to mind my own business. I went into the street about five feet from the curbing, then defendant picked the girl up and pushed her around Seventeenth Street. That was the last I saw of them. The police came and I gave them a perfect description of the pair." She identified the defendant as the man she saw struggling with the girl.

It is difficult to give weight to a contention there was no evidence for the jury's consideration in view of the testimony of the prosecuting witness, the policeman and Mrs. Redenbaugh. It is true there was a denial by the defendant of any rape or attempted rape and some other evidence claimed to throw doubt on the prosecutrix' version of what happened. But this was for the jury to decide.

II. In addition to urging that there was no sufficient evidence of rape, the defendant says if there was anything to submit it should have been rape only, without included offenses. His argument here is that the State's evidence showed, if it

showed anything, a completed rape. At this point he cites authorities to the effect that when the evidence shows the defendant to be guilty either of the highest offense or none at all, included offenses need not be submitted; and he asserts it was error for the trial court to submit the included offense of which he was found guilty. It is necessary only to point out that the jury was the sole trier of the facts; it might believe all of the State's case, or none of it, or only part of it. If it chose not to believe the prosecuting witness and the police officer on the question of penetration, it had the right to do so. Equally, it had the right to believe the prosecutrix and Mrs. Redenbaugh as to the assault; and so believing, to bring in the verdict which it did. The proposition is self-evident and needs no further elaboration.

III. Finally the defendant urges that the sentence imposed was excessive. The sentence was for ten years confinement in the state penitentiary. Section 698.4 of the Code provides that upon conviction of the offense of assault with intent to rape the punishment shall be imprisonment in the penitentiary "not exceeding twenty years, or any term of years, and the court may pronounce sentence for a lesser period than the maximum, the provisions of the indeterminate sentence law to the contrary notwithstanding * * *." The defendant here had previously been convicted of larceny, and was on parole from a sentence therefor at the time of the present offense. It is true he offered evidence of the previously unchaste character and reputation of the prosecuting witness. These matters, even if proven, which we do not decide, are not a defense to the charge of rape or assault with intent to commit rape, but are admissible to show that it is not so likely the act was committed by force and against her will. State v. Johnson, 152 Iowa 675, 679, 133 N.W. 115, 116; State v. Cook, 65 Iowa 560, 562, 22 N.W. 675, 676. The trial court had these matters before it, and we must assume took all the facts developed in the course of the trial and the entire picture presented into consideration in fixing the sentence. Each case must be decided upon its peculiar facts and there is no hard and fast rule by which the punishment of those convicted of crimes must be determined within the limits

of the governing statutes. State v. Olander, 193 Iowa 1379, 1383, 186 N.W. 53, 55, 29 A. L. R. 306; State v. Upson, 64 Iowa 248, 249, 20 N.W. 173, 174.

In State v. Rutledge, 243 Iowa 179, 200, 47 N.W.2d 251, 264, we said: "Although severe, the sentence is less than the maximum fixed by statute. The trial court had the accused and the witnesses before it for some time and was in a better position than is this court to determine what sentence should be imposed."

This language is appropriate to the instant case. We are not disposed to interfere with the sentence. The defendant had a fair trial in all respects.—Affirmed.

All JUSTICES concur.