STATE OF IOWA, appellee, v. FRANCIS EVERETT MYERS, appellant.

No. 50440.

272

NOVEMBER 14, 1961.

Life, Davis & Life, of Oskaloosa, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Harold B. Heslinga, County Attorney, Mahaska County, for appellee.

THOMPSON, J.—This is a ten dollar lawsuit. That was the amount of the fine assessed against the defendant in justice of the peace court; but, being firm in his opinion that justice had there been dispensed with rather than dispensed, he appealed to the district court, with the same, to him, undesirable result. So the matter is before us upon his further appeal from the judgment and sentence there imposed. Involved, in addition to the ten dollars, is the question of the sufficiency of the evidence to sustain a conviction.

The defendant was charged in the justice court with the offense of failing to have a motor vehicle under control and

failing to reduce its speed to a reasonable rate while approaching and traversing a bridge on a public highway, in violation of section 321.288 of the 1958 Code of Iowa. In fact the charge seems to be violation of section 321.288, subsection 3, which we quote:

"321.288 Control of Vehicle. The person operating a motor vehicle or motorcycle shall have the same under control and shall reduce the speed to a reasonable and proper rate:

"1. * * *

"2. * * *

"3. When approaching and traversing a crossing or intersection of public highways, or a bridge, or a sharp turn, or a curve, or a steep descent, in a public highway."

This section is implemented so far as the criminal element is concerned by section 321.482, a general penalty clause which provides that a violation of any of the provisions of chapter 321, if a penalty is not otherwise specifically fixed, is a misdemeanor punishable by a fine of not to exceed $100 or by imprisonment of not to exceed thirty days. The defendant here was accused of having fallen afoul of these two sections of the Code. He disagrees.

■ It is evident that before an accused may be convicted of violation of section 321.288, subsection 3, supra, it must be made to appear by substantial evidence that he was driving a motor vehicle and that he failed to have it under control or to reduce speed to a reasonable rate. Both elements are essential. The defendant's assigned errors and argument all go to one point: that there was a failure of such proof. He raised the question by motion to direct at the close of the State's case. It was denied; he then rested and renewed his motion, with the same unsatisfactory ruling. Judgment of guilty was entered.

The sole question involved is factual. The State's evidence shows that on August 17, 1960, Walter Tharp, the sheriff of Mahaska County, went to the scene of an accident in that county. He found a bridge "broken down" and a car on the floor of the bridge in the creek. It was a Plymouth automobile registered in the name of defendant's father. The sheriff observed car tracks which had left the roadway some 165 feet

from the bridge and remained on the shoulder up to the bridge. There was white paint on the bridge and he saw white paint on the front end of the car.

Another witness testified that he saw the car lying on the collapsed portion of the bridge and "then I turned around and went back and found this man. I met him going down there limping along the road. * * * So when I came back he was walking toward Hardemans. I asked if anyone was with him and he said 'no, he was alone.' We went to Mr. Hardeman's." Hardeman lived about one-half mile from the scene of the accident. The witness then said he took the defendant to the hospital. "He was in very bad shape. He couldn't talk much."

This is the substance of the State's evidence which has, or is claimed to have, any tendency to connect the defendant with the automobile found on the bridge or to show failure of control or excessive speed as it approached the bridge. How long the car had been on the bridge before it was discovered, how far the defendant was from the scene of the accident, or how many might have been in the car when it struck the bridge we are not told. On the latter point, the State urges the testimony set out above that the defendant said, when picked up, that "he was alone." To what time the question related we are not advised; whether at the time of the accident or at the time he was found walking along the road is not clear. We think as put to the defendant it did not advise him that it had reference to the time of the accident.

The State urges that jury questions may be generated in criminal cases solely by circumstantial evidence. This is firmly established. State v. Hiatt, 231 Iowa 499, 507, 1 N.W.2d 664, 668, and citations. But any evidence, circumstantial or direct, must be sufficient to raise a fair inference of guilt. It must generate something more than suspicion, or speculation, or conjecture. "We cannot permit a verdict of guilty to stand where there is absence of proof of any of the essential elements of the crime charged." State v. Poffenbarger, 247 Iowa 552, 554, 74 N.W.2d 585, 586, and cases cited.

The State relies upon State v. Poffenbarger, supra, and State v. Miskell, 247 Iowa 678, 73 N.W.2d 36, to uphold the

judgment of the trial court. But in each of those cases the defendant was identified as the driver of the car. In State v. Franklin, 242 Iowa 726, 46 N.W.2d 710, the defendant admitted to witnesses that he had been driving the automobile.

■ There is no such evidence here. We do not know how long a time elapsed between the accident and its discovery. We have no information as to the nature of the road or how heavily traveled it was, and it may have been any distance from a few yards to one-half mile from the bridge to the point where the defendant was picked up by the witness. We may suspect that, in view of the defendant's injured condition and the fact that the automobile was registered in his father's name, he may have been an occupant when it was wrecked by striking the bridge; but even this would be no more than suspicion. Still less is there any proof that he had operated the car at the time of the accident; so far as the record shows it may have been long enough before the witnesses came on the scene so that other occupants could have departed. The defendant said he was alone, and so he was, when he was taken into the witness's car. There are too many gaps in the State's case, too many unproven material matters, to permit the conviction to stand. Mere suspicion of guilt created by the evidence, if it goes no further, is not enough to sustain a conviction. State v. Saling, 177 Iowa 552, 563, 159 N.W. 255, 259. In State v. Vandewater, 176 N.W. 883, 884, not reported in Iowa Reports, we said:

"The most that can be said for the testimony of the State is that it creates a suspicion of the guilt of the defendant, and it goes without saying that mere suspicion is not sufficient. There must be substantive proof of guilt—some fact proven which tends to establish the substantive facts upon which the State relies for conviction. * * * and where facts and circumstances are relied upon to prove guilt, they, when established, must negative every other rational hypothesis except the guilt of the defendant, and must be inconsistent with any rational hypothesis of innocence."

State v. Hooper, 222 Iowa 481, 269 N.W. 431, is factually much like the case at bar. We there commented: "From the

evidence hereinabove disclosed, the mired Ford car could have been standing in the position in which it was seen by the witness Wells and the sheriff for at least an hour before he saw the defendant, Calvert Hooper, come from the direction of that car." Loc. cit. 222 Iowa 486, 269 N.W. 433. We reversed a conviction for driving while intoxicated for lack of evidence.

There is no showing in the case at bar how long the Plymouth car had been lying on the wrecked bridge—whether one minute, or five, or an hour, or two hours—when the defendant was seen on the road somewhere within one-half mile from the bridge. See also State v. Overbay, 201 Iowa 758, 760, 206 N.W. 634, 635.

The State's case fails to do more than generate a suspicion that the defendant drove the car which was found on the wrecked bridge. There is grave doubt also that the evidence shows that whoever drove it was criminally guilty of excessive speed or lack of control; but, in view of our conclusion expressed above on the question of who was driving, it is not necessary to decide these points.

The defendant's motion for directed verdict should have been granted.—Reversed.

All JUSTICES concur except BLISS, J., not sitting.