**STATE of Iowa, Appellee,**

v.

**Jackie D. HOPKINS, Appellant.**

**No. 53214.**

Supreme Court of Iowa.

Oct. 15, 1968.

Life, Davis & Life, by H. S. Life, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin Asst. Atty. Gen., and Marvin V. Colton, County Atty., for appellee.

SNELL, Justice.

Operating a motor vehicle upon the public highway while driving privilege has been suspended or revoked is proscribed by section 321.218, Code of Iowa. Upon conviction of violating the statute imprisonment

for not less than two days or more than thirty days is mandatory.

Defendant was charged under the statute, tried, found guilty by a jury and sentenced. The thought of spending time in jail being distasteful to defendant he has appealed.

The record is short and presents a single issue. Was the evidence sufficient to generate a jury question?

It was. We affirm.

Defendant's driver license had been canceled for drag racing.

At about 12:30 a. m. November 17, 1967 Iowa Highway Patrolman Jerry Baker was on patrol duty. He met a car with a headlight out and other equipment deficiencies. He turned around and pursued. He testified that except for a short period of time while it was passing under a viaduct the pursued car was in view. During the pursuit the patrolman turned on his top light. He could see and describe the person in the right front seat. He could not identify the driver but there were only two men in the car. The man he could see, later identified as Bob Rogers, was not driving.

After a few miles the car being pursued turned off on a rock road. Within a short distance it stopped. As the patrolman approached he "could easily see the person * * * who had been sitting on the right side of the car." The two persons in the car were trying to change positions. The patrolman got out of his car and "walked up along side of the left-hand side of the car I had stopped. * * * There were two subjects in the car and two persons in light colored clothing and two persons behind the wheel and they were trying to change positions."

He testified definitely that before they stopped defendant was behind the wheel.

Bob Rogers, the other occupant of the car, had one foot in a cast and walked with a crutch, but later did drive the car without difficulty.

Defendant in his own behalf testified that he had not been driving. He said the car stalled and he got in the driver's seat to start the car. He testified:

"A. Bob was driving the car.

Q. Who is Bob? A. Bob Rogers, that is my witness. I tried to get him here."

Bob did not testify. There were no other witnesses.

There was a conflict in the testimony. The case was submitted to a jury. The jury returned a verdict of guilty.

I. Defendant in his brief and argument cites several cases the most recent being State v. Myers, 253 Iowa 271, 274, 111 N.W.2d 660. It is there said that any evidence, circumstantial or direct, must be sufficient to raise a fair inference of guilt. It must generate something more than suspicion, or speculation, or conjecture. With these propositions there is no dispute.

In the case before us the car was driven on the highway. There were two occupants. There was testimony that one was not driving. It is more than suspicion, speculation or conjecture to conclude that the only other person present was driving.

II. In State v. Frink, 255 Iowa 59, 63, 64, 120 N.W.2d 432, 435, we said:

"The rules governing our consideration of a claim of insufficient evidence in a criminal case are so well established they need no discussion here. The evidence, of course, should be viewed in the light most favorable to the State. We do not decide disputed fact questions in such a case. That is the jury function, and its verdict is binding upon us unless we are satisfied it is without substantial support in the evidence

or it is clearly against the weight of the evidence. (Citations)"

This statement is cited and approved in State v. Horrell, 260 Iowa 945, 948, 151 N.W.2d 526, 528, 529.

These rules remain the law and are controlling here.

The case is

Affirmed.

All Justices concur.