**STATE of Iowa, Appellee,**

v.

**Terry Lee WERNER, Appellant.**

**No. 54056.**

Supreme Court of Iowa.

Nov. 10, 1970.

P. F. Elgin, Indianola, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Steve Hall, County Atty., Indianola, for appellee.

MOORE, Chief Justice.

On January 12, 1970 a county attorney's information was filed in Warren County District Court charging defendant, Terry Lee Werner, with the crime of carrying a concealed weapon, contrary to section 695.2 of the 1966 Code of Iowa. It stated "that the said Terry Lee Werner, on or about the 21st day of November, A.D., 1969, in the County of Warren and State of Iowa, did willfully and unlawfully go armed with and carry concealed on or about his person a .32 caliber Browning automatic pistol, and against the peace and dignity of the State of Iowa."

Defendant entered a plea of not guilty, was tried, found guilty by a jury and later sentenced to a term not to exceed five years in the Men's Penitentiary at Fort Madison. He has appealed. We affirm.

Defendant's assigned errors are, the trial court erred in (1) failing to sustain his motion for directed verdict made at the close of the State's case, (2) failing to require the State to elect which of the alleged offenses, on which evidence was offered, it would rely and (3) failing to sustain his exceptions and objections to instructions.

■ I. Defendant first asserts the trial court should have sustained his motion for a directed verdict made at the close of the State's evidence. It is not reversible error for the trial court to refuse to direct a verdict at the close of the State's evidence. State v. Everett, Iowa, 157 N.W.2d 144, 146; State v. Mabbitt, 257 Iowa 1063, 1065, 135 N.W.2d 525, 527; State v. Kulow, 255 Iowa 789, 793, 123 N.W.2d 872, 875. Defendant did however renew his motion on the ground of insufficient evidence at the close of all the evidence. We consider this claim as we will not allow a finding of guilty to stand where there is an absence of proof of any essential element of the crime charged. State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921; State v. Myers, 253 Iowa 271, 274,

111 N.W.2d 660, 662. A conviction notwithstanding such absence of proof amounts to denial of a fair trial. State v. Hill, 258 Iowa 932, 935, 140 N.W.2d 731, 733; State v. Poffenbarger, 247 Iowa 552, 554, 74 N.W.2d 585, 586.

■■ II. On defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict we view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support action of the jury. It is necessary to consider only the supporting evidence whether contradicted or not. State v. Cooper, Iowa, 180 N.W.2d 424, filed October 13, 1970; State v. Brown, Iowa, 172 N.W.2d 152, 153, and citations.

The verdict of the jury is binding upon us unless it is without substantial support in the record or is clearly against the weight of the evidence. State v. Everett, Iowa, 157 N.W.2d 144, 146; State v. Frink, 255 Iowa 59, 64, 120 N.W.2d 432, 435.

III. Katherine P. Smith testified defendant came to her home in Indianola, Warren County, Iowa, about 5 P.M. November 21, 1969 and announced he was there to get her husband's pistol. She was unaware her husband had bought a gun or that a pistol was hidden in the house. Soon after defendant's arrival Larry Smith telephoned and told his wife the gun was hidden in a bedroom closet and to give it to defendant. As directed she handed the gun and holster to defendant. Her testimony includes:

"Q. What did he do then? A. Well, he took the gun and put it inside of his trouser waistband and covered it up with his shirt.

"Q. What did he then do? A. Well, he told me that he was going to go to Knoxville and meet Larry and they were going on to Davenport.

"Q. Did he leave the house at that time? A. Yes.

"Q. Was the gun completely covered up? A. Yes, it was inside the holster and then that was inside of his waistband and his shirt was on top of that and he had a coat on besides that.

"Q. And you couldn't see it? A. No.

"Q. Then what did Terry do at that time? A. Well, his car was parked out by our house and he got in it and left.

"Q. Where was the car parked? A. There is an alley just north of our house and it was parked in the alley."

Mrs. Smith immediately called the Indianola police and reported the incident and the fact defendant would be on the highway going to Knoxville. She was much concerned about a report defendant and her husband had earlier robbed a gasoline station. She identified Exhibit 2 as being the .32 caliber Browning automatic pistol which she had handed defendant.

Wayne Peterson, an Iowa Bureau of Criminal Investigation agent, with Indianola police officers about 5:30 P.M., the same day, stopped a motor vehicle on highway 92. They observed a .32 caliber Browning automatic pistol in a holster on the floor of the vehicle near defendant's position. After being given a Miranda warning defendant admitted he did not have a license to carry a concealed weapon. The officers identified Exhibit 2 as the gun and testified it was loaded when taken from the vehicle.

Defendant testified Larry Smith owned a .32 automatic which they had previously used for pistol practice. On November 21, 1969 he went to the Smith home for the purpose of obtaining it for target practice and that Mrs. Smith had placed the gun and holster on a table. He stated he placed the gun in his waistband for the purpose of opening the door but as he left the house he removed and carried it in his hand to the automobile. A driver and oc-cupant were there waiting. On cross-examination he stated he did not have a permit to carry a gun.

On rebuttal Mrs. Smith testified defendant was wearing a knit type shirt and pulled it down over the top of his slacks with the gun and holster in the waistband. She could not then see the gun and did not see it as defendant went to the car.

IV. As pertinent here section 695.2 provides: "It shall be unlawful for any person, except as hereinafter provided, to go armed with or carry a * * *, pistol, * * * concealed either on or about his person, except in his own dwelling house or place of business or other land possessed by him. No person shall carry a pistol or revolver concealed on or about his person or whether concealed or otherwise in any vehicle operated by him, except in his dwelling house or place of business or on other land possessed by him, without a permit therefor as herein provided.

"However, it shall be lawful to carry one or more unloaded pistols or revolvers for the purpose of or in connection with lawful target practice, lawful hunting, lawful sale or attempted sale, lawful exhibit or showing, or other lawful use, if such unloaded weapon or weapons are carried either (1) in the trunk compartment of a vehicle or (2) in a closed container which is too large to be effectively concealed on the person or within the clothing of an individual, and such container may be carried in a vehicle or in any other manner; and no permit shall be required therefor."

Defendant at the close of the State's case in chief moved to require the State to elect whether to rely upon the testimony of Mrs. Smith or on an offense based on the officers' testimony. The trial court did not make a definite ruling on the motion but after reviewing the evidence stated: "The Court is going to have to make up its mind finally in connection with the instructions to the jury, but I don't believe this is a matter that would require the State to elect at this time." Defense coun-

sel then said: "Right now do you think you would frame your instructions so that it covered the act at the home of Katherine P. Smith only?". To which the court answered "yes". The motion was not later renewed.

The trial court's instruction 5 referred only to that part of Code section 695.2 which makes it unlawful for any person to go armed with or carry a pistol concealed on or about his person without obtaining a permit to do so.

Instruction 6 required the State to prove beyond a reasonable doubt these propositions:

"1. That the defendant did consciously and intentionally go armed with a pistol concealed on or about his person.

"2. That at said time the defendant did not have a proper permit to carry a concealed weapon.

"3. That the alleged offense was committed by the defendant in Warren County, Iowa, on or about the 21st day of November, 1969."

It further advised the jury if the State had failed to establish each of said propositions beyond a reasonable doubt they must find defendant not guilty.

Instruction 7 told the jury "The gist of the offense charged against the defendant is that of consciously or intentionally carrying concealed on or about his person a pistol without a proper permit to do so. * * *." Instruction 8 defined "conceal".

█ The instructions clearly limited the charge against defendant to that made in the county attorney's information and the events at Mrs. Smith's home. There was no evidence the gun was "concealed" in the motor vehicle. Defendant's second assigned error is without merit.

V. Defendant's exceptions and objections to the instructions, which were made after the verdict, asserted the trial court should have specifically instructed defendant was not charged with carrying a pistol in a motor vehicle in violation of the statute. Defendant's third assignment of error asserts the trial court should have so instructed. Our holding in Division IV, supra, renders this contention untenable.

█ VI. The officer's testimony, to which no objection was made, was material and relevant evidence tending to prove defendant's identity and that of the pistol. As such it was admissible although it did go to prove an element of another offense. State v. Wilson, Iowa, 173 N.W.2d 563, 566; State v. Brown, 253 Iowa 658, 668, 113 N.W.2d 286, 292; State v. Schlack, 253 Iowa 113, 115, 116, 111 N.W.2d 289, 291.

Having carefully reviewed the record and trial transcript filed herein, we are satisfied there was no reversible error and defendant had a fair trial.

Affirmed.

All Justices concur.