STATE of Iowa, Appellee,

v.

Phillip (N.M.N.) GALVAN, Appellant.

No. 53428.

Supreme Court of Iowa.

Nov. 10, 1970.

John P. Roehrick, of Des Moines, for appellant.

Richard C. Turner, Atty. Gen., G. Douglas Essy, Asst. Atty. Gen., and Ray A. Fenton, Polk County Atty., Des Moines, for appellee.

LARSON, Justice.

By indictment defendant was charged with the crime of murder as defined in sections 690.1 and 690.2, Code of Iowa 1966. Upon trial to a jury he was found guilty of murder in the second degree as provided in section 690.3 of the Code and, pursuant to judgment, was sentenced to be imprisoned for a period of 35 years in the Men's Reformatory at Anamosa, Iowa. He appeals. We affirm.

Appellant assigns three propositions of error relied upon for reversal. We shall attempt to consider them in the order assigned, but first we turn to the record for

a brief statement of the relevant facts and circumstances.

The defendant Phillip Galvan was one of many persons, young and old, present at a party at the home of the decedent Ivan Omer Black in Des Moines, Iowa. Dancing, drinking, quarreling and fighting resulted. There was testimony that at approximately 9:45 P.M. an altercation broke out in the living room of the house between defendant's father, Celestino Galvan, and defendant's cousin, Raul Rubin Galvan, that carried from the living room out into the front yard. Decedent and defendant, as well as others at the party, were advised of the difficulty and arrived at the scene shortly thereafter. In an effort to dissuade those intent on violence there was extensive argument, some shoving and pushing, and several blows were struck. In this fracas the decedent Black sustained serious knife wounds in his chest.

There was testimony that defendant Phillip Galvan attacked Black after Black had hit his father Celestino, that Phillip had a knife and stabbed Black several times, that he cut his own sister when she attempted to restrain him, and that Celestino took the knife away from Phillip and put it in his car before he departed. Police were called and Black was taken to the hospital where he died. Phillip had left the scene before police arrived but was apprehended later when he came to the police station to visit his father, who had been arrested for speeding while on his way home.

Defendant took the stand in his own behalf and denied that he stabbed Black or that the knife, Exhibit "A", was his knife, but his father Celestino testified that the knife Exhibit "A" was defendant's knife, and Frances Hocking testified she heard Margaret, defendant's sister, ask defendant to put the knife away for "You already stabbed Uncle Ivan."

It also appeared that Celestino, arrested while driving his family home, was later charged with being intoxicated. The police officers testified that a knife was found in his possession and that he later identified it as the one he took from his son after Black was stabbed. Thereafter defendant was charged with Black's murder and, pursuant to arraignment, pleaded not guilty.

I. For his first assignment of error appellant contends that upon the record as a whole he did not receive a fair trial and he was prejudiced by the evidence admitted, that pursuant to section 793.18, 1966 Code of Iowa, the court should review the entire record as a matter of grace without regard to technical errors.

■ We give due consideration to this claim as we will not allow a finding of guilt stand where there is an absence of competent proof of any essential element of the crime charged. State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921; State v. Myers, 253 Iowa 271, 274, 111 N.W.2d 660, 662. A conviction notwithstanding such absence of proof amounts to denial of a fair trial. State v. Hill, 258 Iowa 932, 935, 140 N.W.2d 731, 733; State v. Poffenbarger, 247 Iowa 552, 554, 74 N.W.2d 585, 586. However, the statutory duty of the Supreme Court under section 793.18 of the Code to review the record in a criminal case without regard to technical errors or defects does not apply where proper or timely objections were not made. State v. Kramer, 252 Iowa 916, 109 N.W.2d 18.

Furthermore, on defendant's appeal from criminal conviction based on a jury verdict challenging sufficiency of evidence to sustain the verdict, we view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support the action of the jury. It is necessary to consider only the supporting evidence whether contradicted or not. State v. Cooper, Iowa, 180 N.W.2d 424 (filed October 13, 1970); State v. Brown, Iowa, 172 N.W.2d 152, 153, and citations.

The verdict of the jury is binding upon us unless it is without substantial support in the record or is clearly against the weight of the evidence. State v. Everett, Iowa, 157 N.W.2d 144, 146; State v. Frink, 255 Iowa 59, 64, 120 N.W.2d 432, 435.

Nevertheless, in extreme cases where the record itself shows the defendant has not had a fair trial, we will not hesitate to grant a new trial. We have said, "It is true that we have, on occasion and when the record showed that a fair trial had not been had, proceeded under Section 793.18, supra, to reverse. * * * But these were extreme cases, in each of which the record showed amply that the defendant had not had a fair trial. Generally we think that when a defendant is represented by competent counsel, and for reasons of strategy or otherwise questions or objections are not presented to the trial court, there is grave danger they may be considered on appeal to have been waived." State v. Kramer, supra, 252 Iowa 916, 919, 109 N.W.2d 18, 20, and citations.

We are satisfied here that the verdict is supported by ample substantial evidence in the record, that it is not clearly against the weight thereof, and that unless the evidence admitted amounted to reversible error, defendant did receive a fair trial.

II. Appellant's contention that he was prejudiced by evidence wrongfully admitted has no merit. Specifically, he complains of the evidence relating to (1) the altercation outside defendant's presence, (2) the acceptance into evidence of the knife, State's Exhibit "A", and (3) the admission of evidence of flight. The State contends that no proper objections were timely made as to this evidence and that no exceptions to it were preserved. As we understand it, appellant's counsel in this appeal, who was not defendant's counsel in the trial, concedes that contention but asks our review of these issues as a matter of grace. Under the circumstances appearing here we decline to do so. See State v. Kramer, supra, 252 Iowa 916, 109 N.W.2d

18; State v. Slater, 261 Iowa 554, 153 N.W.2d 702.

Even if we were to consider these alleged errors as a matter of grace because the charge against the defendant is a serious one, and if we did extend him leniency by considering these assigned errors on their merits as though they had been properly saved below, such leniency on our part would not result in a reversal on the basis of appellant's assignment of error in Division I of his brief.

He first contends that the court erred in receiving into evidence statements of third parties not involved in an altercation when it was not shown that the defendant was present or involved in said altercation. One of the guests, Frances Hocking, testified that about 9:45 an argument ensued between Celestino and Rubin in the living room and continued to the front door and into the front yard, that when Celestino went for a gun she ran to inform the host Black and the defendant who were in the back yard of the premises, and that when Black arrived and tried to calm the participants Celestino struck him. When Black struck back, the defendant, who is Celestino's son, joined the fray and the stabbing occurred. This evidence was clearly admissible. The time, place, circumstances, and the participating parties were material and relevant matters and had probative force in establishing the intention of the appellant. It was so interwoven with other relevant evidence to form a continuous transaction.

In State v. Holoubek, 246 Iowa 109, 113, 66 N.W.2d 861, 863, we held, "The rule in such cases appears to be that where the acts are all so closely related in point of time and place, and so intimately associated with each other that they form a continuous transaction, the whole transaction may be shown, and what immediately preceded and what immediately followed the act complained of, for the purpose of showing the scienter or quo animo of the party charged." Also see State v. Robin-

son, 170 Iowa 267, 152 N.W. 590; State v. Hickman, 195 Iowa 765, 193 N.W. 21.

■ The introduction of testimony in regard to earlier aspects of the altercation, we hold, served to show the commencement of the physical violence in the living room which led to the stabbing of the decedent in the front yard of the premises, and the circumstance of that beginning was admissible here even though not in the presence of defendant. Appellant's authority, which deals with silence as consent to crime and with the crime of conspiracy, does not support his contention here. See State v. Childers, 202 Iowa 1377, 212 N.W. 63; State v. Warren, 242 Iowa 1176, 47 N.W. 2d 221.

■ III. In Brief Point II appellant contends that there was no evidence to warrant the admission of the knife as the weapon used to commit the crime. Before a weapon or other instrument can be admitted into evidence, it is only necessary it appear that it was found under circumstances affording a basis for a reasonable inference on a point in issue. It is not required that it be identified positively before its admission may be had. State v. Johnson, Iowa, 162 N.W.2d 453; State v. Ford, 259 Iowa 744, 145 N.W.2d 638.

■ To warrant the admission in evidence of an instrument or weapon as the one with which the crime was committed, only a prima facie showing of identity and connection with the crime is necessary. Clear, certain, and positive proof is generally not required. State v. Poffenbarger, 249 Iowa 480, 87 N.W.2d 441; 22A C.J.S. Criminal Law § 712, p. 961.

Defendant contends that there was insufficient identification of the knife, Exhibit "A", and an insufficient showing of the chain of custody of this knife.

The record shows that defendant admitted to owning a knife similar to Exhibit "A". His Aunt Emily testified that she had seen defendant stab Black with a knife, followed by his family pulling him away from Black. His father testified that he had taken a knife away from defendant and had thrown it into his car. When police later stopped Celestino, a knife was found in his possession which he later identified as the one he had taken from the defendant at the scene of the crime.

■ It seems obvious that under these circumstances the knife was sufficiently identified to allow it into evidence. But if there is any doubt, the trial court has considerable discretion in admitting such evidence. State v. Poffenbarger, supra, 249 Iowa 480, 484, 87 N.W.2d 441, 443; State v. Williams, 245 Iowa 494, 505, 62 N.W.2d 742, 748. We find no abuse of that discretion here.

A chain of possession showing was not required in this instance because there was a positive identification of this unaltered exhibit as the knife used by defendant.

IV. Appellant next complains as to the sufficiency of the evidence of flight. He admits that one witness testified she saw defendant *flee* after the stabbing, which we have held creates a reasonable inference of guilt to be considered by the jury. In discussing this issue, in recent cases we have said, "It is thought by appellant that the court was not warranted in giving an instruction on flight because there was no foundation in the evidence, for that it was not shown that defendant knew he was accused or suspected, or that he fled to avoid arrest * * *. It was for the jury to say, under all the circumstances, whether he departed because of his consciousness of guilt." State v. Bige, 195 Iowa 1342, 1347, 1348, 193 N.W. 17, 20; State v. Thrasher, Iowa, 175 N.W.2d 397, 403. Also see State v. Bester, Iowa, 167 N.W.2d 705.

In Bester, on page 710, supra, a case somewhat similar to this one on flight, we said, "This court has consistently approved the giving of a flight instruction where such instruction is germane to the evidence. State v. Wimbush, [260] Iowa

[1262,] 150 N.W.2d 653, 656, 657, and cases cited." In holding instruction as to the effect of "flight" may be proper even though there is no direct evidence the accused fled to avoid arrest, we referred to the quote set out above from Bige and held evidence of defendant's flight was admissible in such instances.

■ There was no error in admitting the evidence of flight here. His departure from the premises alone right after the knifing, but before the police and the ambulance arrived, did constitute a circumstance indicating flight. Also see State v. Thrasher, supra; annotation, 25 A.L.R. 886, 894.

V. Appellant finally contends the trial court erred in giving Instructions Nos. 10, 11 and 13. From the record it appears that counsel for defendant reserved his objections and exceptions to the instructions in their final form at the time they were given, but proper objections were never made thereafter.

In his Motion for a New Trial and Motion in Arrest of Judgment or Judgment Notwithstanding the Verdict, defendant inter alia stated:

"10. The Court erred and refused to properly instruct the jury, and also misdirected the jury in material matters of law, for the reasons pointed out in the exceptions and objections thereto made by defense counsel at the time appointed by the Court for excepting and objecting to the instructions with respect to the submission to the jury of the offense of first degree murder for the reasons urged in the exceptions and objections to instruction No. 10.

"11. The Court erred in overruling defense objections to Instructions No. 11 for the reason pointed out in the exceptions and objections made by defense counsel at the time appointed by the Court for excepting and objecting to instructions."

■ Since no exceptions and objections were made at the time the instructions were submitted to counsel and defendant in his post trial motions failed to properly object, and nothing appeared in the record to alert the trial court as to the reasons for them thereafter, we have nothing here to review. Furthermore, no complaint was ever made as to Instruction No. 13 in the trial below. Under our rule we decline to consider objections to Instruction No. 13 which were raised for the first time in this appeal. Since his assignments of error in this regard present nothing for review, the court properly denied this motion for a new trial. As bearing on this point, see State v. Gilmore, Iowa, 181 N.W.2d 145, decided November 10, 1970, and cases therein cited.

VI. Because there was no preservation of the objections and exceptions taken below, no showing of a denial of a fair trial on review of the whole record, and no complaint made as to the instructions of the court until this appeal, defendant's conviction must stand and the court's judgment is affirmed.

Affirmed.

All Justices concur except BECKER, J., who concurs in the result.